[Cite as *State v. Robinson*, 2011-Ohio-6065.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

GLENN DARNELL ROBINSON

    Appellant

C.A. No.     25795

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 03 01 0003

DECISION AND JOURNAL ENTRY

Dated: November 23, 2011

CARR, Presiding Judge.

{¶1}   Appellant, Glenn Robinson, appeals from his conviction in the Summit County Court of Common Pleas.  This Court affirms, in part, and vacates, in part.

I.

{¶2}   On January 9, 2003, the Summit County Grand Jury indicted Robinson on two counts of aggravated murder, one count of murder, one count of aggravated robbery, one count of having weapons while under disability, two counts of carrying concealed weapons, and one count of felonious assault.  Each of the aggravated murder, murder, aggravated robbery, and having weapons while under disability counts carried firearm specifications. At his arraignment, Robinson pleaded not guilty to all of the charges in the indictment.  Robinson filed a motion for relief from prejudicial joinder on the basis that the felonious assault charge arose out of an incident occurring on June 22, 2002, while the remaining charges stemmed from events occurring on December 30, 2002.  The trial court subsequently issued a journal entry which

severed the felonious assault charge from the remainder of the charges in the indictment and the matter proceeded to trial on the remaining charges.

{¶3} On April 14, 2003, a jury returned a verdict which found Robinson guilty of two counts of aggravated murder, one count of murder, one count of aggravated robbery, one count of having weapons while under disability, one count of carrying concealed weapons, and the relevant firearm specifications. The jury returned a verdict of not guilty on one count of carrying concealed weapons. At the subsequent sentencing hearing, Robinson retracted his not guilty plea to the felonious assault charge and entered a plea of guilty. The trial court then sentenced Robinson for the other convictions which the State had obtained at trial.

{¶4} Several weeks later at the sentencing hearing on the felonious assault charge, but before he was actually sentenced, Robinson orally moved the trial court to withdraw his guilty plea. The trial court denied the motion and proceeded to sentence Robinson on the felonious assault charge.

{¶5} On May 27, 2003, Robinson filed a notice of appeal and raised two assignments of error. On March 3, 2004, this Court held that Robinson's conviction for aggravated robbery was supported by sufficient evidence and was not against the manifest weight of the evidence. This Court further held that the trial court's denial of Robinson's motion to withdraw his guilty plea to the charge of felonious assault was an abuse of discretion. *State v. Robinson*, 9th Dist. No. 21583, 2004-Ohio-963. Robinson subsequently appeared in the trial court for a plea hearing and again retracted his plea of not guilty to the charge of felonious assault and entered a plea of guilty. The trial court's sentencing entry was journalized on March 30, 2004.

{¶6} On July 23, 2010, Robinson filed a "motion for sentencing" in the trial court in which he argued that his original sentence was void due to an error in the imposition of post-

release control. The State responded that the sentence was void and that Robinson had to be resentenced de novo. On August 9, 2010, Robinson filed a second motion in which he argued that the trial court did not have jurisdiction to sentence him because there had been unreasonable delay between the time he was found guilty and the time he was sentenced. On September 9, 2010, the trial court issued a journal entry stating that "the sentencing entry in this matter does not adequately inform the Defendant of Post Release Control Requirements." The trial court then directed the sheriff to return Robinson to the courthouse for resentencing. Robinson subsequently appeared for a resentencing hearing on October 7, 2010. On October 13, 2010, the trial court issued a journal entry noting that the State had conceded that Robinson had served the entirety of his prison sentence for felonious assault. On October 20, 2010, the trial court issued its sentencing entry in which it gave Robinson the same prison sentence with respect to his other convictions and noted that he was subject to a mandatory five-year term of post-release control upon his release from prison. The trial court also formally denied Robinson's motion to dismiss for unreasonable delay and noted that it could not resentence Robinson on the count of felonious assault because he had already served his prison sentence.

{¶7} Robinson filed a notice of appeal on November 19, 2010. This Court dismissed Robinson's appeal by journal entry on December 9, 2010, due to the fact that the October 20, 2010 journal entry failed to contain a finding of guilt on the firearm specification relating to the count of having weapons while under disability. Subsequently, on January 4, 2011, the trial court issued a nunc pro tunc journal entry in which it corrected the omission of the firearm specification in the October 20, 2010 entry.

{¶8} Robinson filed a notice of appeal on January 31, 2011. On appeal, Robinson raises four assignments of error.

II.

## ASSIGNMENT OF ERROR I

"THE TRIAL [COURT] ERRED WHEN IT IMPROPERLY SENTENCED DEFENDANT ON ALLIED OFFENSES."

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED BY IMPOSING SENTENCES FOR FIVE FIREARM SPECIFICATIONS WHEN ALL FIVE AROSE FROM THE SAME 'ACT OR [TRANSACTION]'"

## ASSIGNMENT OF ERROR III

"THE TRIAL [COURT] ERRED WHEN IT RULED THAT THERE HAD NOT BEEN AN UNREASONABLE AND UNEXPLAINED DELAY IN SENTENCING BECAUSE CRIM.R. 32(C) HAD NOT BEEN VIOLATED."

## ASSIGNMENT OF ERROR IV

"THE TRIAL COURT ERRED BY SENTENCING GLENN ROBINSON TO MAXIMUM, CONSECUTIVE PRISON TERMS BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY GLENN ROBINSON."

{¶9} Robinson raises four assignments of error which relate to his sentence. In his third assignment of error, Robinson argues that the trial court was without authority to impose a sentence due to unreasonable delay. In his first, second, and fourth assignments of error, Robinson raises substantive challenges to his sentence.

{¶10} The Supreme Court of Ohio has held that an error in post-release control notification does not result in a void sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Supreme Court held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." Id. at ¶26. The Court reasoned that "[n]either the Constitution nor common sense commands anything more." Id. The new sentencing hearing that a defendant is entitled to "is limited to proper imposition of postrelease control." Id. at ¶29. The Court also

held that res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus.

{¶11} Moreover, Crim.R. 32(A) states that a sentence "shall be imposed without unnecessary delay." The Supreme Court of Ohio has recognized that delay for a reasonable time does not invalidate a sentence. *Neal v. Maxwell* (1963), 175 Ohio St. 201, 202. This Court has held that Crim.R. 32(A) does not apply in cases where an offender must be re-sentenced. *State v. Spears*, 9th Dist. No. 24953, 2010-Ohio-1965, at ¶19, citing *State v. Huber*, 8th Dist. No. 85082, 2005-Ohio-2625, ¶8. See, also, *State v. Culgan*, 9th Dist. No. 09CA0060-M, 2010-Ohio-2992, at ¶36-37; *State v. Jones*, 9th Dist. No. 25032, 2010-Ohio-4455, at ¶9-10; *State v. Banks*, 9th Dist. No. 25279, 2011-Ohio-1039, at ¶42-43. "This logic, as it relates to Crim.R. 32(A), recognizes the distinction between a trial court refusing to sentence an offender and a trial court improperly sentencing an offender." *Spears* at ¶19. Furthermore, the Supreme Court of Ohio has held that a trial court retains continuing jurisdiction to correct a void sentence. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, at ¶19, citing *State v. Beasley* (1984), 14 Ohio St.3d 74, 75.

{¶12} This is not a case where the trial court refused to impose a sentence on the offender. Rather, Robinson was timely sentenced after he was found guilty in 2003. Robinson appealed his convictions to this Court and raised two assignments of error. This Court reversed Robinson's felonious assault conviction and his other convictions were affirmed. *Robinson,* supra. Robinson subsequently entered a guilty plea to the felonious assault charge and was sentenced in March 2004. More than six years later, on July 23, 2010, Robinson filed a motion in the trial court in which he argued that his original sentence was void due to an error in the

imposition of post-release control.  The trial court set the matter for resentencing due to the post-release control error.  The trial court subsequently conducted a resentencing hearing on October 7, 2010, and issued a new sentencing entry.  In accordance with *Fischer*, the scope of the new sentencing hearing to which Robinson was entitled was limited to the proper imposition of post-release control.  *Fischer*, at paragraph two of the syllabus.  Likewise, the scope of Robinson's appeal from that hearing is limited solely to issues relating to the imposition of post-release control.  Id. at paragraph four of the syllabus.  It follows that the trial court had authority to impose the proper term of post-release control on Robinson at the October 7, 2010 hearing.  As the lawful portion of Robinson's original sentence remained in place pursuant to *Fischer*, the trial court did not have authority to conduct a de novo sentencing hearing and reissue a sentence.  Furthermore, as Robinson's original sentence remained in place, Robinson cannot prevail on his argument that there was unreasonable delay in imposing a sentence.  To the extent the trial court properly imposed a mandatory five-year period of post-release control upon Robinson at the resentencing hearing, its judgment is affirmed.  To the extent the trial court conducted a de novo sentencing hearing and reissued a sentence to Robinson, its judgment in that respect is vacated.

III.

{¶13}  The judgment of the Summit County Court of Common Pleas is vacated to the extent the court exceeded its authority and resentenced Robinson.  The trial court's decision to notify Robinson that he is subject to a mandatory five-year term of post-release control is affirmed.  The remainder of Robinson's original sentence remains in place.

Judgment affirmed, in part,
and vacated in part.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

DONNA J. CARR
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

GLENN D. ROBINSON, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.