[Cite as *State v. Robinson*, 2012-Ohio-3669.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     26365 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GLENN DARNELL ROBINSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 03 01 0003 |

DECISION AND JOURNAL ENTRY

Dated: August 15, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Glenn Robinson, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} In 2003, a jury found Robinson guilty of (1) two counts of aggravated murder, both with firearm specifications, (2) murder with a firearm specification, (3) aggravated robbery with a firearm specification, (4) having weapons under disability with a firearm specification, and (5) carrying a concealed weapon. Robinson later pleaded guilty to felonious assault.

{¶3} The court sentenced Robinson to twenty years to life for each count of aggravated murder, and fifteen years to life for murder. The court found these counts were the result of the same course of conduct and merged the offenses into one sentence of twenty years to life. The court also found the five firearm specifications were allied offenses and merged them into one mandatory three year sentence. Robinson was additionally sentenced to ten years for aggravated

robbery, five years for weapons under disability, and six months for carrying a concealed weapon. The court subsequently imposed a three year sentence for the felonious assault, pursuant to a plea agreement. The court ordered the sentences for the firearm specifications and aggravated murder, aggravated robbery, and weapons under disability counts to run consecutively, making Robinson eligible for parole after 38 years.

{¶4} In 2010, Robinson filed a motion for resentencing because the court failed to properly notify him of post-release control. The court conducted a de novo sentencing hearing and resentenced Robinson to the same terms, except for the felonious assault count, which had been served in its entirety. Robinson appealed from the resentencing entry, and this Court dismissed for lack of a final, appealable order.

{¶5} Subsequently, the trial court issued a nunc pro tunc entry to correct the resentencing entry, and Robinson filed another appeal. This Court found the court had exceeded its authority in resentencing and vacated the resentencing entry, except as it applied to the imposition of post-release control. We concluded the original sentencing entry remained in effect. Robinson now files another appeal and raises three assignments of error for our review. For ease of analysis, we rearrange his assignments of error.

II

Assignment of Error Number Two

THE TRIAL COMMITTED ABUSE OF DISCRETION AND ERRED TO THE PREJUDICE OF THE DEFENDANT WHEN IT OVERRULED HIS MOTION FOR RESENTENCING AND MOTION FOR FINAL APPEALABLE ORDER.

{¶6} In his second assignment of error, Robinson argues that his sentencing entry is not a final, appealable order. Specifically, Robinson argues that his sentencing entry is not a final,

appealable order because it does not contain a sentence for the firearm specifications associated with counts two, three, four, and five.

{¶7} This Court's jurisdiction is limited to the review of final judgments. Ohio Constitution, Article IV, Section 3(B)(2). "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus. Whether a judgment is a final, appealable order is a question of law; issues of law are reviewed under a de novo standard. *Shewmaker v. Clay Twp. Trustees*, 4th Dist. No. 98CA29, 1999 WL 482620, * 2 (June 30, 1999).

{¶8} Robinson argues that his sentencing entry is not a final, appealable order because it does not provide a sentence for the firearm specifications associated with counts two, three, four, and five. We disagree.

{¶9} "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). Robinson's original sentencing entry provides:

> Upon due consideration, the [c]ourt, pursuant to Ohio Revised Code Section 2941.25(A), declines to sentence [Robinson] on the SPECIFICATION ONE TO COUNTS TWO, THREE, FOUR, AND FIVE of the Indictment, for the reason that said SPECIFICATIONS are MERGED with the SPECIFICATION ONE TO COUNT ONE of the Indictment.

*State v. Robinson*, Summit C.P. No. CR 03-01-0003 (May 19, 2003).

{¶10} The trial court found that the five firearm specifications were all allied offenses under R.C. 2941.25(A). As such, the court was only permitted to sentence Robinson on one of the five firearm specifications, which it did.

{¶11} Robinson further argues that while the sentencing entry does include a three year sentence for possession of a firearm, it does not clarify the count to which that sentence applied. Because the sentence is not assigned to count one's firearm specification, Robinson argues, there was no sentence in which to merge the other firearm specifications into. Without a sentence on each specification, Robinson contends, the sentencing entry is not a final, appealable order. We find Robinson's argument to be without merit.

{¶12} Robinson was sentenced to a mandatory three years for possession of a firearm. Although the sentencing entry does not specifically assign this sentence to count one's firearm specification, reading the entry in its entirety it is the only possible conclusion. The court found the five firearm specifications were allied offenses, and therefore, declined to sentence Robinson on the specifications to counts two, three, four, and five. This left only one firearm specification, which was attached to count one.

{¶13} Because the firearm specifications were allied, the court was not permitted to sentence Robinson on more than one specification. When the court imposed a mandatory three year sentence for possession of a firearm, it necessarily sentenced Robinson on the firearm specification associated with count one. Therefore, Robinson's sentencing entry complies with Crim.R. 32 and is a final, appealable order. Accordingly, Robinson's second assignment of error is overruled.

## Assignment of Error Number One

THE TRIAL COMMITTED ABUSE OF DISCRETION AND ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT OVERRULED HIS MOTION TO VACATE VOID SENTENCES.

**{¶14}** In his first assignment of error, Robinson argues that his sentencing entry is void because it sentenced him under the wrong statutes. We disagree.

**{¶15}** The validity of Robinson's sentencing entry presents a question of law. We review questions of law de novo. *Ohio Bell Tel. Co. v. Pub. Util. Comm.*, 64 Ohio St.3d 145, 147 (1992). When reviewing a matter de novo, this Court does not give deference to the trial court's decision. *State v. Barclay*, 9th Dist. No. 25646, 2011-Ohio-4770, ¶ 8.

**{¶16}** Robinson asserts that he was sentenced under R.C. 2929.14(D)(3), and therefore, his sentence is invalid. Robinson misreads his sentencing entry. Robinson's sentencing entry states that his sentences for the two counts of aggravated murder and one count of murder are mandatory sentences pursuant to "O.R.C. 2929.13(F), 2929.14(D)(3), or 2925.01." The conjunctive "or" indicates that one, not all, of these provisions apply. Robinson is correct that R.C. 2929.14(D)(3) does not apply to his case; however, R.C. 2929.13(F) does apply. R.C. 2929.13(F)(1) prohibits the reduction of a sentence for aggravated murder (when death is not imposed) or murder.

**{¶17}** Robinson was not sentenced pursuant to R.C. 2929.14(D)(3) and his sentencing entry is not void. Accordingly, his first assignment of error is overruled.

## Assignment of Error Number Three

THE TRIAL COMMITTED ABUSE OF DISCRETION AND ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT OVERRULED HIS MOTION TO CORRECT CLERICAL ERROR.

{¶18} In his third assignment of error, Robinson argues that the court erred when it refused to correct a clerical error. Specifically, Robinson argues that the court should have corrected his sentencing entry to reflect that his felonious assault conviction and the associated firearm specification were dismissed.

{¶19} The record contains no evidence that the felonious assault conviction was somehow dismissed, and there was no firearm specification related to the felonious assault. Robinson does not provide any support for his argument. *See* App.R. 16(A)(7). Accordingly, Robinson's third assignment of error is overruled.

III

{¶20} Robinson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

CARR, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

GLENN D. ROBINSON, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.