[Cite as *State v. Robinson*, 2013-Ohio-5237.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No.  26802 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| GLENN D. ROBINSON | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.  CR 2003-01-0003 |

DECISION AND JOURNAL ENTRY

Dated: November 27, 2013

MOORE, Presiding Judge.

{¶1} Defendant-Appellant, Glenn D. Robinson, appeals from the February 8, 2013 judgment entry of the Summit County Court of Common Pleas. We affirm.

I.

{¶2} In *State v. Robinson*, 9th Dist. Summit No. 26365, 2012-Ohio-3669, ¶ 2-3, ("*Robinson III*") this Court summarized the history of this case as follows:

> In 2003, a jury found [Mr.] Robinson guilty of (1) two counts of aggravated murder, both with firearm specifications, (2) murder with a firearm specification, (3) aggravated robbery with a firearm specification, (4) having weapons under disability with a firearm specification, and (5) carrying a concealed weapon. [Mr.] Robinson later pleaded guilty to felonious assault.
>
> The court sentenced [Mr.] Robinson to twenty years to life for each count of aggravated murder, and fifteen years to life for murder. The court found these counts were the result of the same course of conduct and merged the offenses into one sentence of twenty years to life. The court also found the five firearm specifications were allied offenses and merged them into one mandatory three year sentence. [Mr.] Robinson was additionally sentenced to ten years for aggravated robbery, five years for weapons under disability, and six months for carrying a concealed weapon. The court subsequently imposed a three year sentence for the felonious assault, pursuant to a plea agreement. The court ordered

the sentences for the firearm specifications and aggravated murder, aggravated robbery, and weapons under disability counts to run consecutively, making [Mr.] Robinson eligible for parole after 38 years.

Since his conviction, Mr. Robinson has filed three appeals with this Court: *State v. Robinson*, 9th Dist. Summit No. 21583, 2004-Ohio-963, ("*Robinson I*"), *State v. Robinson*, 9th Dist. Summit No. 25795, 2011-Ohio-6065, ("*Robinson II*"), and *Robinson III*. After his third appeal, Mr. Robinson filed three additional motions seeking to vacate/correct his alleged void sentence, and one motion to dismiss several counts of the indictment. The trial court denied Mr. Robinson's motions as untimely petitions for post-conviction relief, but agreed to waive his obligation to pay court costs.

{¶3} Mr. Robinson appealed, raising eight assignments of error for our consideration.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED ABUSE OF DISCRETION AND ERRED TO THE PREJUDICE OF [MR. ROBINSON] WHEN IT OVERRULED HIS MOTION TO VACATE VOID SENTENCE BECAUSE THE TRIAL COURT FAILED TO IMPOSE A SENTENCE, INFORM [MR. ROBINSON] WHEN HE WOULD BE ELIGIBLE FOR PAROLE, OR OF HIS RIGHT TO APPEAL IN THE OCTOBER [] 13, 2010 JOURNAL ENTRY, IN VIOLATION OF [*STATE V. BAKER*, 119 OHIO ST.3D 197, 2008-OHIO-3330], CRIM.R. 32(A)(1), CRIM.R. 32(A)(2), CRIM.R. 32(B), CRIM.R. 32(C), SUP.R. 7(A).

{¶4} In his first assignment of error, Mr. Robinson argues that the trial court erred in its October 13, 2010 journal entry by (1) failing to impose a sentence, (2) failing to indicate when he would be eligible for parole, and (3) failing to inform him of his right to appeal. Based upon the above-stated reasons, Mr. Robinson questions whether his sentence is void because the trial court's October 13, 2010 journal entry violated *Baker*, Crim.R. 32, and Sup.R. 7.

{¶5} The entry journalized on October 13, 2010, states, in relevant part, that:

> The State concedes that [Mr. Robinson] has served the sentence for [felonious assault], as contained in Count 8 of the indictment, and cannot be re-sentenced for that offense and the Court so finds. Any Motions from [Mr. Robinson] regarding that Count are [moot].
>
> At [Mr. Robinson's] request, [it is hereby ordered] that the re-sentencing hearing on the balance of the Counts herein is continued until October 7, 2010 at 9:00 A.M.

Based upon the clear language of the October 13, 2010 journal entry, we conclude that this is not a sentencing entry, and, as such, the law does not require compliance with *Baker*, Crim.R. 32, or Sup.R. 7. Instead, this entry only addresses the fact that certain motions filed are moot because Mr. Robinson already served his sentence for felonious assault. Further, in *Robinson II* at ¶ 6-7, this Court explained that the trial court sentenced Mr. Robinson in the October 20, 2010 entry, and again in the January 4, 2011 entry. Therefore, because Mr. Robinson was not sentenced in the October 13, 2010 entry, we find his argument unpersuasive.

{¶6} Accordingly, Mr. Robinson's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE CONVICTION FOR FELONY MURDER MUST BE VACATED BECAUSE THE TRIAL COURT LACKED JURISDICTION TO TRY [MR. ROBINSON] ON COUNT THREE OF THE INDICTMENT AS THE COUNT FAILED TO CHARGE ANY MENS REA ELEMENT OF THE OFFENSE AND VIOLATED THE DUE PROCESS CLAUSES OF BOTH THE UNITED STATES AND OHIO CONSTITUTIONS.

### ASSIGNMENT OF ERROR III

THE CONVICTION FOR AGGRAVATED ROBBERY MUST BE VACATED BECAUSE THE TRIAL COURT LACKED JURISDICTION TO TRY [MR. ROBINSON] ON COUNT FOUR OF THE INDICTMENT AS THE COUNT FAILED TO CHARGE AN ELEMENT OF THE OFFENSE AND VIOLATED THE DUE PROCESS CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS.

### ASSIGNMENT OF ERROR IV

THE CONVICTION FOR HAVING WEAPONS WHILE UNDER DISABILITY MUST BE VACATED BECAUSE THE TRIAL COURT LACKED

JURISDICTION TO TRY [MR. ROBINSON] ON COUNT FIVE OF THE INDICTMENT AS THE COUNT FAILED TO CHARGE AN ELEMENT OF THE OFFENSE AND VIOLATED THE DUE PROCESS CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS.

### ASSIGNMENT OF ERROR V

THE TRIAL COURT COMMITTED ABUSE OF DISCRETION AND ERRED TO THE PREJUDICE OF [MR. ROBINSON] WHEN IT NEGLECTED TO CALCULATE AND DETERMINE THE SPECIFIC NUMBER OF DAYS THAT [MR. ROBINSON] WAS TO BE CREDITED WITH, AND TO PROPERLY JOURNALIZE THAT CREDIT IN ITS JUDGMENT OF SENTENCE AND CONVICTION, WHICH IS ALSO PLAIN ERROR.

### ASSIGNMENT OF ERROR VI

THE TRIAL COURT COMMITTED ABUSE OF DISCRETION AND ERRED TO THE PREJUDICE OF [MR. ROBINSON] WHEN IT IMPOSED A DEFINITE TERM OF TEN YEARS, WHICH IS A PRISON TERM BEING MANDATORY, PURSUANT TO [R.C.] 2929.13(F)(6), FOR PUNISHMENT OF THE CRIME OF AGGRAVATED ROBBERY, IN VIOLATION OF [R.C.] 2941.11. (EMPHASIS OMITTED.)

### ASSIGNMENT OF ERROR VII

THE TRIAL COURT COMMITTED ABUSE OF DISCRETION AND ERRED TO THE PREJUDICE OF [MR. ROBINSON] WHEN IT IMPOSED A SENTENCE ON A MISDEMEANOR WHICH EXCEEDS 180 DAYS IN VIOLATION OF R.C. 2929.24(A)(1).

### ASSIGNMENT OF ERROR VIII

[MR.] ROBINSON WAS DENIED A FAIR TRIAL BY THE CUMULATIVE EFFECT OF THE NUMEROUS ERRORS IN THIS TRIAL.

{¶7} In his remaining assignments of error, Mr. Robinson asserts arguments that could have been raised in *Robinson I*, and are therefore barred by the doctrine of res judicata.

{¶8} "A determination of whether the doctrine of res judicata bars an action is a question of law which this Court reviews de novo." *Brott v. Green,* 9th Dist. Summit No. 21209, 2003-Ohio-1592, ¶ 11, citing *Davis v. Coventry Twp. Bd. of Zoning Appeals*, 9th Dist. Summit No. 20085, 2001 WL 123464 (Feb. 14, 2001); *Payne v. Cartee*, 111 Ohio App.3d 580, 586-587

(4th Dist.1996). When reviewing a matter de novo, this court does not give deference to the trial court's decision. *State v. Stallings,* 150 Ohio App.3d 5, 2002-Ohio-5942, ¶ 6 (9th Dist.).

{¶9}   In *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus, the Supreme Court of Ohio set forth the parameters of the doctrine of res judicata, stating:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or *could have been raised* by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

(Emphasis added.)  Further, this Court has recognized that, by the plain language of *Perry*, "the doctrine of res judicata is directed at procedurally barring convicted defendants from relitigating matters which were, or could have been, litigated on direct appeal." *State v. Widman*, 9th Dist. Lorain No. 00CA007681, 2001 WL 519493, *1 (May 16, 2001).

{¶10}   In the present matter, Mr. Robinson exercised his right to directly appeal in 2003. *See generally Robinson I.*   In *Robinson I* at ¶ 7, 26, Mr. Robinson raised two assignments of error in which he argued that (1) his conviction for aggravated robbery was against the sufficiency and manifest weight of the evidence, and (2) the trial court erred in denying his pre-sentence motion to withdraw his guilty plea for felonious assault. This Court affirmed, in part, and reversed, in part, upholding Mr. Robinson's conviction for aggravated robbery.  *Id.* at ¶ 40. As Mr. Robinson did not raise any issues with regard to his conviction for felony murder, the indictment, jail-time credit, sentencing matters, or cumulative effects of alleged errors impacting his right to a fair trial in *Robinson I*, he is now barred from raising these issues in a subsequent appeal. *See Widman,* at *1.

{¶11}   Alternatively, to the extent that the matters Mr. Robinson sought to raise would be appropriate for post-conviction relief, his petition was untimely.

{¶12} Accordingly, Mr. Robinson's second, third, fourth, fifth, sixth, seventh, and eighth assignments of error are overruled.

III.

{¶13} In overruling Mr. Robinson's eight assignments of error, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

BELFANCE, J.
CONCURS.

CARR, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶14}  I concur in judgment only in the majority opinion.  Although I would also affirm, I would do so based on the same rationale used by the trial court, namely that Robinson's various challenges to his convictions constituted an untimely petition for post-conviction relief.

<u>APPEARANCES:</u>

GLENN D. ROBINSON, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.