[Cite as *State v. O'Neal*, 2015-Ohio-5181.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA )

STATE OF OHIO C.A. No. 15CA0052-M

    Appellee

    v. APPEAL FROM JUDGMENT
ENTERED IN THE
WILLIAM B. O'NEAL COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
    Appellant CASE No. 04CR0547

DECISION AND JOURNAL ENTRY

Dated: December 14, 2015

HENSAL, Presiding Judge.

{¶1} William O'Neal appeals a judgment of the Medina County Court of Common Pleas that denied his motion to vacate. For the following reasons, this Court affirms.

I.

{¶2} In 2005, Mr. O'Neal pleaded guilty to kidnapping, felonious assault, carrying a concealed weapon, and illegal possession of a firearm. The trial court sentenced him to a total of 13 years imprisonment. The court's sentencing entry contained irregularities, which it corrected nunc pro tunc in 2007. On appeal from the corrected entry, this Court affirmed Mr. O'Neal's convictions and sentence. *State v. O'Neal*, 9th Dist. Medina No. 07CA0050-M, 2008-Ohio-1325. This Court later upheld the trial court's dismissal of Mr. O'Neal's petition for post-conviction relief. *State v. O'Neal*, 9th Dist. Medina No. 08CA0028-M, 2008-Ohio-6572.

{¶3} Over the last several years, Mr. O'Neal has filed multiple motions in the trial court seeking relief. Recently, this Court upheld the denial of his motion for in-camera

inspection of grand jury proceedings, withdrawal of guilty plea, and allied offense hearing. *State v. O'Neal*, 9th Dist. Medina No. 14CA0094-M, 2015-Ohio-4006. This appeal arises out of a motion to vacate void judgment that Mr. O'Neal filed in July 2015. The trial court denied the motion because it determined that Mr. O'Neal's arguments were barred by res judicata. Mr. O'Neal has appealed, assigning two errors.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN NOT VACATING A PURPORTED NUNC PRO TUNC ORDER RENDERED BY A TRIAL COURT WHICH LACKED THE AUTHORITY AND INHERENT POWER TO CORRECT AN ERROR BY THE COURT RENDERING A JUDGMENT IT DID NOT INTEND TO RENDER AND BY SUCH AN ORDER CHANGE A JUDGMENT ACTUALLY BUT ERRONEOUSLY PRONOUNCED BY THE COURT TO THE ONE THE COURT INTENDED TO RECORD, AN IMPROPER USE OF A NUNC PRO TUNC JUDGMENT NOT SUPPORTED BY THE LAW AND VOID AB INITIO, A VIOLATION OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW AND UNDER OHIO LAW MUST BE DISREGARDED AS A NULLITY AND VACATED.

{¶4} Mr. O'Neal argues that the trial court erred when it corrected its original sentencing entry nunc pro tunc in April 2007. He argues that the court told him at the sentencing hearing that he would serve his sentences concurrently. The court's sentencing entry, however, runs them consecutive to each other.

{¶5} The doctrine of res judicata "bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. Mr. O'Neal appealed the trial court's April 2007 nunc pro tunc sentencing entry, but did not challenge the court's imposition of consecutive sentences. *See O'Neal*, 2008-Ohio-1325 at ¶ 5-20. He, therefore, was barred from raising that argument in a post-judgment motion. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 19; *State v. Singfield*, 9th Dist. Summit No. 27680, 2015-Ohio-2841, ¶ 9.

{¶6}   Mr. O'Neal argues that, because the court's sentencing entry is inconsistent with what the court stated at the sentencing hearing, it is not a proper nunc pro tunc entry. He, therefore, argues that the entry is void and the doctrine of res judicata does not apply. We conclude, however, that this argument is also barred by res judicata because Mr. O'Neal could have made it in his previous appeal. *See State ex rel. Davis v. Saffold*, 143 Ohio St.3d 475, 2015-Ohio-1517, ¶ 11 (holding that argument that nunc pro tunc entry is void was barred by res judicata). Mr. O'Neal's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN NOT VACATING A PURPORTED NUNC PRO TUNC ORDER RENDERED BY A TRIAL COURT WHICH MODIFIED THE SENTENCE IMPOSED IN OPEN COURT, WHEN THE TRIAL COURT LACKED THE AUTHORITY AND INHERENT POWER TO MODIFY A SENTENCE IMPOSED IN OPEN COURT, BY NUNC PRO TUNC JUDGMENT, RESULTING IN A SUBSTANTIVE CHANGE IN THE TERMS OF THE SENTENCE AND THE TOTAL LENGTH OF THE SENTENCE TO BE SERVED, AN IMPROPER USE OF A NUNC PRO TUNC JUDGMENT NOT SUPPORTED BY LAW AND VOID AB INITIO, A VIOLATION OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW AND UNDER OHIO LAW MUST BE DISREGARDED AS A NULLITY AND VACATED.

{¶7}   In his second assignment of error, Mr. O'Neal repeats his argument that the trial court improperly modified his sentence when it issued its nunc pro tunc entry. He argues that the court had no authority to use a nunc pro tunc entry to change the sentence that the trial court imposed at his sentencing hearing. Accordingly, he contends that the nunc pro tunc entry is void.

{¶8}   As explained earlier, Mr. O'Neal could have raised this argument on direct appeal from the nunc pro tunc entry. Because he did not do so, it is barred under the doctrine of res judicata. *See Ketterer*, 2010-Ohio-3831 at ¶ 59. We note, however, that the trial court told Mr. O'Neal at the sentencing hearing that his total sentence was "thirteen years[,]" which matches

the total prison time that the court imposed in its nunc pro tunc sentencing entry. Mr. O'Neal's second assignment of error is overruled.

III.

**{¶9}** Mr. O'Neal's arguments are barred by res judicata. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

WILLIAM B. O'NEAL, pro se, Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.