[Cite as *State v. Robinson*, 2020-Ohio-3535.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

GLENN D. ROBINSON

    Appellant

C.A. No.    29639

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2003-01-0003

DECISION AND JOURNAL ENTRY

Dated: June 30, 2020

SCHAFER, Judge.

{¶1} Defendant-Appellant, Glenn D. Robinson, appeals the December 17, 2019 entry of the Summit County Court of Common Pleas denying his motion for resentencing. For the reasons that follow, this Court affirms.

I.

{¶2} The history behind this appeal spans back to April 2003. At that time, a jury convicted Mr. Robinson of aggravated murder, murder, aggravated robbery, having weapons while under a disability, carrying concealed weapons, and firearm specifications accompanying the aggravated murder, murder, aggravated robbery, and having weapons while under disability counts. Additionally, Mr. Robinson pleaded guilty to one count of felonious assault. In the direct appeal following his conviction, this Court sustained Mr. Robinson's argument that his plea to the felonious assault charge was defective, but affirmed the judgment of conviction as to all other

counts. *State v. Robinson*, 9th Dist. Summit No. 21583, 2004-Ohio-963 ("*Robinson I*"). On remand, Mr. Robinson re-entered his guilty plea to the felonious assault count.

{¶3} The trial court resentenced Mr. Robinson in October 2010, after determining that the initial sentence was void for failing to notify Mr. Robinson about postrelease control. Because he had already served his entire sentence for felonious assault at that time, the trial court did not resentence Mr. Robinson on the felonious assault count. Otherwise, the trial court imposed the same prison sentence but included the notification that Mr. Robinson was subject to a mandatory five-year term of postrelease control upon his release from prison. Mr. Robinson appealed the October 2010 sentencing entry. This Court affirmed the trial court's imposition of the mandatory five-year period of postrelease control, but vacated the judgment to the extent that the trial court exceeded its authority by re-sentencing Mr. Robinson. *State v. Robinson*, 9th Dist. Summit No. 25795, 2011-Ohio-6065, ¶ 12-13 ("*Robinson II*"). However, we concluded that the original sentencing entry remained in place. *Id*.

{¶4} Mr. Robinson thereafter filed a number of post-judgment motions and again appealed. *See State v. Robinson*, 9th Dist. Summit No. 26365, 2012-Ohio-3669 ("*Robinson III*") (rejecting Mr. Robinson's argument that his sentencing entry was not appealable because it does not contain a sentence for the firearm specifications associated with counts two, three, four, and five, and concluding that the sentencing entry was not void.). Following *Robinson III*, Mr. Robinson filed motions seeking to vacate or correct his allegedly void sentence, and a motion to dismiss several counts of the indictment. The trial court denied Mr. Robinson's motions as untimely petitions for postconviction relief and he appealed the trial court's ruling. On appeal, this Court rejected Mr. Robinson's argument that his sentence was void and held that his remaining assignments of error were barred by the doctrine of res judicata and, in the alternative, to the extent

the matters Mr. Robinson sought to raise would be appropriate for postconviction relief, his petition was untimely. *State v. Robinson*, 9th Dist. Summit No. 26802, 2013-Ohio-5237, ¶ 11 ("*Robinson IV*").

{¶5} In May 2014, Mr. Robinson moved the trial court for resentencing as to one of the firearm specifications. The trial court construed his motion as a successive petition for postconviction relief, determined that it did not have authority to consider the motion, and also found that his claims were barred under the doctrine of res judicata. Mr. Robinson appealed the ruling and this Court held that the trial court did not err when it characterized Mr. Robinson's motion for resentencing as a successive petition for postconviction relief, and determined that the trial court correctly concluded it did not have authority to consider the merits of Mr. Robinson's motion. *State v. Robinson*, 9th Dist. Summit No. 27480, 2015-Ohio-2376, ¶ 7-8 ("*Robinson V*").

{¶6} Next, in September 2014, Mr. Robinson filed a motion to vacate or set aside the judgment and sentence, and for final appealable order. The trial court again construed Mr. Robinson's motion as a petition for postconviction relief and denied it as untimely. Mr. Robinson again appealed. On appeal, this Court rejected Mr. Robinson's argument that his sentence was void and concluded that the trial court did not err when it determined the motion was a petition for postconviction relief, which the court lacked authority to consider. *State v. Robinson*, 9th Dist. Summit No. 27663, 2015-Ohio-3329, ¶ 5 ("*Robinson VI*").

{¶7} In November 2016, Mr. Robinson filed in the trial court a "motion to vacate void sentence, and for resentencing." Citing to *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658. Mr. Robinson argued that the trial court erred by imposing separate, albeit concurrent, sentences on both of his aggravated murder convictions, as well as his conviction for murder (counts one, two, and three of the indictment, respectively), after initially determining that those counts were

subject to merger. The State filed a memorandum in opposition to Mr. Robinson's motion wherein it agreed that Robinson's sentences on counts two and three (aggravated murder and murder, respectively) should be vacated, but requested and elected that Robinson remain sentenced on count one (aggravated murder). On December 21, 2016, the trial court issued an entry vacating Mr. Robinson's sentences on counts two and three and resentencing him on count one to life in prison with parole eligibility after 20 years: the same sentence the trial court had imposed on count one at the original sentencing hearing in 2003.

{¶8} Mr. Robinson appealed the December 21, 2016 entry to this Court. In *State v. Robinson*, 9th Dist. Summit No. 28488, 2017-Ohio-7380 ("*Robinson VII*"), we rejected Mr. Robinson's arguments that State was not permitted to elect which offense it would pursue at resentencing and that he was prejudiced when the trial court denied him the opportunity to be present at sentencing. This Court held that the trial court was required to accept the State's election of which allied offense Mr. Robinson would be sentenced on, and Mr. Robinson had no input in the matter. *Id.* at ¶ 8. Because the State elected to have Mr. Robinson sentenced for aggravated murder as charged in count one, and the trial court vacated the sentences on the two counts that it had no discretion to impose in the first place, we concluded that a remand for resentencing was unwarranted. *Id.*

{¶9} Further, in *Robinson VII*, Mr. Robinson argued that the trial court's December 21, 2016 entry and prior sentencing entries were not final appealable orders because the trial court failed to comply with Crim.R. 32(C) and because the jury failed to return a verdict on each and every firearm specification contained within the indictment. This Court observed that Mr. Robinson had failed to preserve that specific argument since he did not raise it in his "motion to

vacate void sentence, and for resentencing." *Id*. at ¶ 12. Still, this Court reviewed the record and determined that Mr. Robinson's argument was without merit. Specifically, we held

> contrary to [Mr.] Robinson's contention on appeal, the jury did return a verdict on each and every firearm specification contained within the indictment. At the initial sentencing hearing in 2003, the trial court sentenced [Mr.] Robinson on the firearm specification accompanying count one and merged the four remaining firearm specifications. Accordingly, we conclude that the trial court's sentencing entries, including the December 21, 2016 entry, are final appealable orders.

*Id*. at ¶ 13.

{¶10} Relevant to the present appeal, on September 4, 2019, Mr. Robinson filed a motion for resentencing in the trial court. In his motion, Mr. Robinson argued that the trial court erred when it issued the December 21, 2016 entry because the trial court failed to hold a hearing, as required by R.C. 2929.19, prior to issuing the December 21, 2016 entry. He also argued that the December 21, 2016 entry is not a final appealable order because, the trial court "failed to state that the jury did not return a finding of guilt for the firearm specifications attached to [c]ounts [o]ne, [t]wo, [t]hree, four, and [f]ive[,]" and because it does not comply with the "one document" rule.

{¶11} The State responded in opposition to Mr. Robinson's motion arguing it was "barred by the doctrine of res judicata and the law of the case doctrine * * * because [Mr. Robinson] raised these issues before the Court of Appeals, which rejected them in [*Robinson VII*]."

{¶12} The trial court issued an order denying Mr. Robinson's motion on December 17, 2019. The trial court found that its December 21, 2016 order corrected a void judgment as to Mr. Robinson's sentence, that Mr. Robinson appealed that order, and that this Court affirmed. Considering the motion for resentencing, the trial court noted that Mr. Robinson had already raised these issues—that the trial court was required to hold a hearing with Mr. Robinson present prior to issuing its December 21, 2016 order, and that the entry was not final and appealable—in his 2017 appeal. The trial court observed that this Court held in *Robinson VII* that Mr. Robinson's

presence was not required to issue the December 21, 2016 order and also that the trial court's sentencing entries, including the December 21, 2016 entry, were final appealable orders. The trial court concluded that the arguments raised in Mr. Robinson's motion were barred by the doctrine of res judicata and, consequently, that it lacked jurisdiction to entertain his motion for resentencing.

{¶13} Mr. Robinson timely appealed the trial court's ruling. He presents four assignments of error for our review.

II.

### Assignment of Error I

**The trial court abused its discretion and erred to the prejudice of [Mr. Robinson] when it failed to resentence him according to R.C. 2929.19(A) and R.C. 2929.19(C).**

### Assignment of Error II

**The trial court abused its discretion and erred to the prejudice of [Mr. Robinson] when it failed to issue a final, appealable order.**

### Assignment of Error III

**The trial court abused its discretion and erred to the prejudice of [Mr. Robinson] when it failed to impose post-release control at the time of sentencing, failed to notify [Mr. Robinson] of the details of post-release control and the consequences of violating post-release control, and failed to incorporate any notification of post-release control in the December 21[, 2016 order].**

### Assignment of Error IV

**The trial [c]ourt abused its discretion and erred to the prejudice of [Mr. Robinson] when it failed to address and include all of [Mr. Robinson]'s sentences and the statutory advisements in one single document as required by *State v. Baker*, 119 Ohio St.3d 197.**

{¶14} Throughout his first, second, third, and fourth assignments of error, Mr. Robinson alleges that the December 21, 2016 entry is not a final appealable order and contends that the trial court erred when it failed to resentence him. We disagree. As we discuss in further detail below,

because Mr. Robinson's September 4, 2019 motion for resentencing was an untimely petition for postconviction relief, the trial court lacked authority to consider it and properly denied the motion.

{¶15}  A procedurally irregular motion, such as "'a motion to correct or vacate a judgment or sentence,' may be treated as a petition for postconviction relief under R.C. 2953.21(A)(1) when the motion was filed after a direct appeal, alleged a denial of constitutional rights, sought to render the judgment void or voidable, and requested that the judgment and sentence be vacated." *State v. Higgins*, 9th Dist. Summit No. 29628, 2020-Ohio-2914, ¶ 6, quoting *State v. Davis*, 9th Dist. Medina No. 15CA0004-M, 2015-Ohio-5182, ¶ 6.  This Court "may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged."  *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12.  Although Mr. Robinson captioned his filing as a "motion for resentencing," this Court concludes that the motion is more accurately a petition for postconviction relief and construes it as such.  *See State v. Herzberger*, 9th Dist. Lorain No. 16CA010899, 2017-Ohio-491, ¶ 8, citing *State v. Cortez,* 5th Dist. Licking No. 15-CA-55, 2016-Ohio-768, ¶ 9 (classifying a motion for resentencing as a petition for postconviction relief); *State v. Reynolds*, 79 Ohio St.3d 158 (1997).

{¶16}  R.C. 2953.21(A)(2) provides that "a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *."  The record reflects that the transcript was filed in the initial appeal of the trial court's December 21, 2016 order, *Robinson VII*, on February 22, 2017.  According to R.C. 2953.21(A)(2), Mr. Robinson had until February 22, 2018, to file a petition for postconviction relief.  However, Mr. Robinson did not file the petition until September 4, 2019: more than a year-and-a-half after the deadline to timely file a petition.  Consequently, Mr. Robinson's petition was untimely, and

the trial court would have had authority to consider it only if he could demonstrate the specific circumstances of the factors set forth in R.C. 2953.23(A)(1) or (2). Mr. Robinson did not attempt to argue the applicability of any of the statutory factors that could permit a late filing. Therefore, the trial court lacked authority to consider Mr. Robinson's untimely petition for postconviction relief, and the trial court did not err by denying the relief Mr. Robinson requested.

{¶17} Moreover, Mr. Robinson's arguments regarding the validity and finality of the trial court's December 21, 2016 entry, to the extent that they were addressed by this Court in *Robinson VII*, are barred by the doctrine of res judicata, which "'bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal.'" *State v. O'Neal*, 9th Dist. Medina No. 15CA0052-M, 2015-Ohio-5181, ¶ 5, quoting *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. Furthermore, we conclude that Mr. Robinson's arguments that his sentence is void for lack of postrelease control notification are without merit. Even assuming the veracity of his contention, Mr. Robinson 's arguments, at best, suggest that his sentence was voidable, not void. *See State v. Harper*, Slip Opinion No. 2020-Ohio-2913, ¶ 3, 6 (holding that an error in the imposition of postrelease control renders that part of the sentence voidable, rather than void, and rejecting the notion that the failure to incorporate a notice of the consequences of a violation of postrelease control in the sentencing entry renders the sentence void to the extent that it does not properly impose postrelease control.). Because the entry would be merely voidable, not void, res judicata would apply. *Id.* at ¶ 18 citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 30.

{¶18} Accordingly, Mr. Robinson's assignments of error are overruled.

III.

**{¶19}** Mr. Robinson's first, second, third, and fourth assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

GLENN D. ROBINSON, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.