[Cite as *State v. Robinson*, 2017-Ohio-7380.]

STATE OF OHIO     )        IN THE COURT OF APPEALS
            )ss:    NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

| STATE OF OHIO | C.A. No. 28488 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GLENN D. ROBINSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 2003-01-0003 |

DECISION AND JOURNAL ENTRY

Dated: August 30, 2017

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Glenn D. Robinson, appeals the judgment of the Summit County Court of Common Pleas. We affirm.

I.

{¶2} In April 2003, a jury convicted Robinson of two counts of aggravated murder, one count of murder, one count of aggravated robbery, one count of having weapons while under a disability, and one count of carrying concealed weapons. The jury also found Robinson guilty of the firearm specifications that accompanied the aggravated murder, murder, aggravated robbery, and having weapons while under disability counts. Robinson also pleaded guilty to one count of felonious assault. The trial court sentenced Robinson to life imprisonment with parole eligibility after 38 years. On appeal, this Court determined Robinson's guilty plea was defective, but affirmed his other convictions and sentences. *See State v. Robinson*, 9th Dist. Summit No.

21583, 2004-Ohio-963, ¶ 26, 38. On remand, Robinson re-entered his guilty plea to the felonious assault count. He did not appeal his conviction or sentence for that offense.

{¶3} In October 2010, the trial court resentenced Robinson after determining that its initial sentence was void for failing to notify Robinson of post-release control. The trial court did not resentence Robinson on the felonious assault charge since he had already fully served his sentence on that count. The trial court imposed the same prison sentence with respect to his other convictions and noted that he was subject to a mandatory five-year term of post-release control upon his release from prison. On appeal, this Court partially vacated the October 2010 sentencing entry after determining that the trial court exceeded its authority by conducting a de novo sentencing hearing and reissuing a sentence to Robinson. *See State v. Robinson*, 9th Dist. Summit No. 25795, 2011-Ohio-6065, ¶ 12, 13. However, this Court affirmed the trial court's imposition of a mandatory five-year period of post-release control. *Id.*

{¶4} Robinson has since filed a number of post-judgment motions. Relevant to this appeal, in November 2016, Robinson filed a "motion to vacate void sentence, and for resentencing." Within this motion, Robinson cited to the Supreme Court of Ohio's holding in *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, in arguing that the trial court erred by imposing separate, albeit concurrent, sentences on both of his aggravated murder convictions, as well as his conviction for murder (counts one, two, and three of the indictment, respectively) after initially determining that those counts were subject to merger. The State filed a memorandum in opposition to Robinson's motion wherein it agreed that Robinson's sentences on counts two and three (aggravated murder and murder, respectively) should be vacated, but requested and elected that Robinson remain sentenced on count one (aggravated murder). On December 21, 2016, the trial court issued an entry vacating Robinson's sentences on counts two

and three and resentencing him on count one to life in prison with parole eligibility after 20 years, which was the same sentence that the trial court had imposed on count one during the initial sentencing hearing in 2003.

{¶5} Robinson filed this timely appeal and presents three assignments of error for our review. As Robinson's first and third assignments of error implicate similar issues, we elect to address them together.

II.

### Assignment of Error I

**When the trial court determines that the sentence is void pursuant to *State v. Williams*, [148 Ohio St.3d 403,] 2016-Ohio-7658, and when the State failed to elect which offense it would pursue at the original sentencing hearing, the State is required to make the election as to which offense it wants to pursue at resentencing as is the prescribed remedy in *Williams*, ¶ 30, and the State is not permitted to make the election in a memorandum, which essentially denies a defendant the opportunity to contest the election.**

### Assignment of Error III

**The trial court erred to the prejudice of Robinson when it denied him both the opportunity to be physically present and the right to counsel at the December 21, 2016 resentencing hearing.**

{¶6} In his first assignment of error, Robinson argues that the trial court erred by permitting the State to elect through memorandum which count it wished to have him sentenced. In his third assignment of error, Robinson contends that the trial court erred by sentencing him on count one and vacating counts two and three via entry. Specifically, Robinson contends that the trial court was required to hold a new sentencing hearing, where he could be physically present and represented by counsel, and also afforded the opportunity to respond to the State's election on which allied offenses he should be sentenced. We disagree with both of Robinson's arguments.

**{¶7}** The Supreme Court of Ohio has held:

> [W]hen a trial court concludes that an accused has in fact been found guilty of allied offenses of similar import, it cannot impose a separate sentence for each offense. Rather, the court has a mandatory duty to merge the allied offenses by imposing a single sentence, and the imposition of separate sentences for those offenses – even if imposed concurrently – is contrary to law because of the mandate of R.C. 2941.25(A). In the absence of a statutory remedy, those sentences are void.

(Internal citation omitted.) *Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, at ¶ 28. The *Williams* court "recognized that a resentencing hearing limited to correcting the void sentence is a proper remedy for a trial court's failure to comply with mandatory sentencing laws," *id*. at ¶ 30, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 29, but further noted that "a resentencing is not required in all cases." *Id*. at ¶ 31. For example, "'[c]orrecting a defect in a sentence without a remand is an option that has been used in Ohio and elsewhere for years in cases in which the original sentencing court, as here, had no sentencing discretion." *Id*., quoting *Fischer* at ¶ 29. Such a remedy "can provide an equitable, economical, and efficient remedy for a void sentence." *Id*., citing *Fischer* at ¶ 30.

**{¶8}** Here, the sentencing entry from 2003 states the trial court's finding that the two counts of aggravated murder and one count of murder (counts one, two, and three, respectively) of which Robinson was convicted are allied offenses of similar import, and the concurrent sentences the trial court imposed for those offenses are therefore contrary to law. *See id*. at ¶ 28, 32. However, in the State's memorandum in opposition to Robinson's "motion to vacate void sentence, and for resentencing," the State moved the trial court to vacate counts two and three. The State also elected to have Robinson remain sentenced on count one, which is its prerogative. The fact that the State made its election via memorandum as opposed to at a sentencing hearing is immaterial. This is because the State controls which allied offense a defendant will be

sentenced on, and the trial court must accept the State's election. *See State v. Workman*, 8th Dist. Cuyahoga No. 93998, 2010-Ohio-4891, ¶ 23-27, quoting *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 17-24. Thus, a defendant has no input in the matter. The trial court heeded the State's request and election in this case, thereby vacating counts two and three and re-imposing Robinson's original sentence on count one. Therefore, because the State elected to have Robinson sentenced for aggravated murder as charged in count one, and the trial court vacated the sentences on the two counts that it had no discretion to impose in the first place, we conclude that a remand for resentencing is unwarranted in this matter. *See Williams* at ¶ 32 ("But there is no need to remand for resentencing, because at the sentencing hearing, the state elected to have Williams sentenced for aggravated murder as charged in Count three, and the trial court had no discretion to impose separate sentences for Counts one and two.").

{¶9} Accordingly, Robinson's first and third assignments of error are overruled.

### Assignment of Error II

**The trial court's December 21, 2016 "ORDER" and all of its previous sentencing entries are not final appealable orders because the jury failed to return a verdict on each and every firearm specification.**

{¶10} In his second assignment of error, Robinson contends that the trial court failed to comply with Crim.R. 32(C), and, therefore, never issued a final appealable order in this case. Specifically, Robinson contends that the trial court's December 21, 2016 entry and prior sentencing entries are not final appealable orders since the jury failed to return a verdict on each and every firearm specification contained within the indictment. We disagree.

{¶11} Former Crim.R. 32(C) stated, in pertinent part:

A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment entry and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

In explaining former Crim.R. 32(C), the Supreme Court of Ohio stated that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *State v. Baker*, 119 Ohio St.3d 197, 2008–Ohio–3330, syllabus.[1] The requirements for a final appealable order apply to specifications attendant to convictions. *See State v. Lewis*, 9th Dist. Lorain No. 08CA09379, 2009–Ohio–3322, ¶ 4–5.

{¶12} To begin, we note that Robinson has failed to preserve the specific argument raised in this assignment of error since he did not raise his Crim.R. 32(C) argument in his "motion to vacate void sentence, and for resentencing." This Court has held that, except for a claim of plain error, an appellant may not raise an argument for the first time on appeal. *State v. Stembridge*, 9th Dist. Summit No. 23812, 2008–Ohio–1054, ¶ 12. Robinson did not develop a plain error argument on appeal.

{¶13} However, a cursory review of the record demonstrates that Robinson's argument is without merit. Robinson was indicted on five firearm specifications in violation of R.C. 2941.145. These five firearm specifications accompanied counts one through five of the indictment. In addition to finding Robinson guilty of counts one through five, the verdict forms for those five counts reveal that the jury also explicitly found that Robinson "[d]id have a firearm on or about his person or under his control while committing the offense and displayed the firearm, brandished the firearm, indicated that he possessed the firearm, or used it to facilitate the

---

[1] In 2011, the Supreme Court of Ohio modified its holding in *Baker* and held that "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth: (1) the fact of conviction, (2) the sentence, (3), the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011–Ohio–5204, paragraph one of the syllabus.

offense." Thus, contrary to Robinson's contention on appeal, the jury did return a verdict on each and every firearm specification contained within the indictment. At the initial sentencing hearing in 2003, the trial court sentenced Robinson on the firearm specification accompanying count one and merged the four remaining firearm specifications. Accordingly, we conclude that the trial court's sentencing entries, including the December 21, 2016 entry, are final appealable orders.

{¶14} Robinson's second assignment of error is overruled.

### III.

{¶15} With all three of Robinson's assignments of error having been overruled, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR

APPEARANCES:

GLENN D. ROBINSON, pro se, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.