[Cite as *State v. Cruz-Altunar*, 2019-Ohio-2298.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-951 |
| v. | : | (C.P.C. No. 10CR-4512) |
| Jose Cruz-Altunar, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

---

### D E C I S I O N

#### Rendered on June 11, 2019

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Jose Cruz-Altunar*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Jose Cruz-Altunar, appeals from a judgment of the Franklin County Court of Common Pleas, denying his motion to vacate a void sentence. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 2, 2010, a Franklin County Grand Jury indicted appellant on three felony counts for the murder of Ricardo Perez. Count 1 of the indictment charged appellant with aggravated murder, in violation of R.C. 2903.01; Count 2 charged appellant with murder, in violation of R.C. 2903.02, for purposely causing the death of Perez; and Count 3 charged appellant with felony murder, also in violation of R.C. 2903.02, with the underlying felony being the felonious assault of Perez, in violation of R.C. 2903.11. On

October 31, 2011, a jury found appellant not guilty of aggravated murder, but guilty of both counts of murder.

{¶ 3}   As a result of a sentencing hearing held on November 9, 2011, the trial court determined that Counts 2 and 3 were allied offenses of similar import and should be merged.  Appellee, however, did not make an election as to which count to pursue for purposes of sentencing.  The trial court imposed a sentence of 15 years to life on each count, but ordered appellant to serve the sentences on the two convictions concurrently, for an aggregate sentence of 15 years to life.

{¶ 4}   Appellant timely appealed to this court from the judgment of conviction and sentence.  In *State v. Cruz-Altunar*, 10th Dist.  No.  11AP-1114, 2012-Ohio-4833, this court affirmed appellant's conviction.[1]  On  July 23,  2014,  the  Supreme Court of Ohio denied appellant's  motion  for  a  delayed  appeal.  *State v. Cruz-Altunar*, 139 Ohio St.3d 1482, 2014-Ohio-3195.

{¶ 5}   On September 7, 2018, appellant, pro se, filed a motion to vacate his sentence arguing that the trial court violated R.C. 2941.25 and the decision of the Supreme Court in *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658 when it convicted him of allied offenses of similar import.  Appellee opposed the motion. On November 15, 2018, the trial court issued an entry denying the motion, wherein the trial court stated: "[T]he Court vacates the sentence as to Count Three and the Defendant is only being sentenced under Count Two."  (Entry Denying Mot. to Void Sentence at 2.)  In conjunction with the entry denying appellant's motion, the trial court issue an amended judgment entry, wherein the court stated: "Counts Two and Three merge for sentencing purposes," and "[t]he court vacates the sentence as to Count Three."  (Emphasis omitted.) (Nov. 15, 2018 Am. Jgmt. Entry at 1.)  The trial court re-imposed the sentence of 15 years to life as to Count 2 only.

{¶ 6}   Appellant timely appealed to this court from the judgment of the trial court.

## II.  ASSIGNMENTS OF ERROR

{¶ 7}   Appellant assigns the following as trial court error:

> 1. MR. CRUZ-ALTUNAR'S U.S. CONSTITUTIONAL RIGHT
> TO  DUE  PROCESS  WAS  VIOLATED  WHEN  SENTENCE

---

[1] In his direct appeal, appellant asserted the following two assignments of error:  "The trial court erred in refusing to give an instruction on Voluntary Manslaughter when the evidence warranted such an instruction"; and "Appellant's convictions were not supported by sufficient evidence and were against the manifest weight of the evidence."  *Cruz-Altunar* at ¶ 6.  Appellee did not cross-appeal. *Id.*

WAS IMPOSED WITHOUT MR. CRUZ-ALTUNAR'S PRESENCE.

2. TRIAL COURT VIOLATED MR. CRUZ-ALTUNAR U.S. CONSTITUTIONAL RIGHTS BY NOT LETTING THE STATE ELECT WHAT COUNT THEY WOULD PURSUE ON ALLIED OFFENSES.

3. TRIAL COURT VIOLATED MR. CRUZ-ALTUNAR'S U.S. CONSTITUTIONAL RIGHT TO DUE PROCESS BY NOT FOLLOWING STATE V WILLIAMS 2016-OHIO-7658 MANDATE TO VOID SENTENCE ON MERGING SENTENCES ON ALLIED OFFENSES.

(Sic passim.)

## III. LEGAL ANALYSIS

### A. Appellant's First and Third Assignments of Error

{¶ 8} In appellant's first and third assignments of error, appellant argues that the trial court erred and violated his constitutional rights when it issued an amended judgment entry to correct the defect in his sentence. Appellant asserts that the sentence originally imposed on him was void pursuant to R.C. 2941.25 and the decision of the Supreme Court in *Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658. Accordingly, we will consider appellant's first and third assignments of error jointly.

{¶ 9} R.C. 2941.25(A) provides, "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." The Supreme Court has recognized that R.C. 2941.25(A) "incorporates the constitutional protections against double jeopardy. These protections generally forbid successive prosecutions and multiple punishments for the same offense." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 7.

{¶ 10} In *Williams,* a jury found Williams guilty of two counts of aggravated murder with death penalty specifications (Counts 2 and 3) and one count each of murder (as a lesser-included offense of the aggravated murder charge alleged in Count 1), kidnapping, aggravated burglary, violating a protection order, intimidating a crime victim, escape, having a weapon while under disability, and carrying a concealed weapon, along with firearm specifications. *Id.* at ¶ 6. At the sentencing hearing, the trial court determined that Williams had been found guilty of allied offenses of similar import, and the state elected to

have Williams sentenced on the conviction for aggravated murder charged in Count 3. In accordance with the state's election, the trial court merged Counts 1 and 2 into Count 3 and imposed a sentence of life imprisonment with no possibility of parole until Williams had served 30 full years on that count. In the trial court's judgment entry of conviction and sentence, however, the trial court expressed the intent to merge Counts 1 and 2 into Count 3, but imposed a prison sentence for each of the three counts in the indictment and ordered Williams to serve the three prison terms "concurrently and not consecutively with each other." *Id.* at ¶ 7.

{¶ 11} Following Williams' direct appeal,[2] he filed a motion seeking a correction of his sentence arguing that all of his convictions should be merged into the aggravated murder conviction and that he should be convicted of a single offense of aggravated murder. The trial court dismissed the motion as an untimely petition for postconviction relief and the court of appeals affirmed.

{¶ 12} The Supreme Court reversed the judgment of the court of appeals concluding that because the trial court found that Williams had been found guilty of allied offenses of similar import, the trial court did not have authority to impose a separate sentence for each offense. The Supreme Court explained that a trial court "has a mandatory duty to merge the allied offenses by imposing a single sentence, and the imposition of separate sentences for those offenses—even if imposed concurrently—is contrary to law because of the mandate of R.C. 2941.25(A). In the absence of a statutory remedy, those sentences are void." *Id.* at ¶ 28, citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶ 25.

{¶ 13} The significance of the holding in *Williams* is the determination by the Supreme Court that when the trial court convicts an offender of allied offenses of similar import, the conviction is void rather than voidable. The determination that such sentences are void rather than voidable means that the judgment of conviction and sentence may be challenged at any time. In other words, res judicata does not present a bar to postconviction challenges to a sentence outside the appeals process. *Id.* at ¶ 2.

{¶ 14} Another significant aspect of the *Williams* decision is the acknowledgment by the Supreme Court that a reviewing court may issue a modified sentencing entry as an

---

[2] In Williams' direct appeal, the court of appeals affirmed the trial court's judgment with the exception of the conviction for violating a protection order. *State v. Williams*, 9th Dist. No. 24169, 2009-Ohio-3162.

appropriate remedy for a trial court's violation of the merger rules, without the need for resentencing by the trial court. The *Williams* court explained the procedure as follows:

> We have recognized that a resentencing hearing limited to correcting the void sentence is a proper remedy for a trial court's failure to comply with mandatory sentencing laws. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 29. And when a case involving an allied offenses sentencing error is remanded for resentencing, the state has the right to elect which offense to pursue at resentencing. *Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at ¶ 21.
>
> But a resentencing is not required in all cases. * * *
>
> The judgment of conviction in this case states the trial court's finding that the two counts of aggravated murder and one count of murder of which Williams was convicted are allied offenses of similar import, and the concurrent sentences it imposed for those offenses are therefore contrary to law. But there is no need to remand for resentencing, because at the sentencing hearing, the state elected to have Williams sentenced for aggravated murder as charged in Count three, and the trial court had no discretion to impose separate sentences for Counts one and two.
>
> *Accordingly, we modify the judgment of the court of appeals to vacate the sentences imposed for murder in Count one and aggravated murder in Count two, which the trial court found subject to merger.* The remaining convictions and sentences, including the sentence of life with the possibility of parole after 30 years imposed for aggravated murder in Count three, are not affected by our ruling today.
>
> We recognize that our decision will not change the aggregate sentence Williams received. * * * We expect that our decision today will clarify the path going forward for lawyers, litigants, and judges of our state.

(Emphasis added.) *Id.* at ¶ 30-34.

{¶ 15} Under *Williams*, a remand for a resentencing hearing is not required in order to vacate an erroneous conviction where the trial court has determined at the original sentencing hearing that merger applies and the state has made an election of which charge to pursue for sentencing. In response to appellant's motion in this case, and in an effort to comply with *Williams,* the trial court issued an amended judgment entry vacating appellant's conviction as to Count 3 of the indictment. The trial court's amended judgment

entry conforms to the trial court's prior determination at the sentencing hearing that the charge of murder as to Count 2 of the indictment and the charge of murder as to Count 3 of the indictment merge for purposes of sentencing.[3]  Accordingly, we find that the trial court's amended judgment entry complies with *Williams.*  Appellant obtained all of the relief to which he was entitled under *Williams* and R.C. 2941.25(A) when the trial court issued the amended judgment entry.

{¶ 16} Appellant next contends that the trial court violated appellant's constitutional rights when the trial court issued the amended judgment entry outside of his presence.  We disagree.

{¶ 17} Under the auspices of due process, "[a]n accused has a fundamental right to be present at all critical stages of his criminal trial. Article I, Section 10, Ohio Constitution; Crim.R. 43(A)." *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, ¶ 215. "An accused's absence, however, does not necessarily result in prejudicial or constitutional error. '[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, *and to that extent only*.' " (Emphasis sic.) *Wilks* at ¶ 215, quoting *Snyder v. Massachusetts*, 291 U.S. 97, 107-08 (1934), *reversed on other grounds*, *Malloy v. Hogan*, 378 U.S. 1 (1964).

{¶ 18} Crim.R. 43(A) provides that "the defendant must be physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence, *except as otherwise provided by these rules*." (Emphasis added.)  Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." The term "clerical mistake" as used in Crim.R. 36 refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment. *State v. Williams*, 6th Dist. No. L-02-1394, 2004-Ohio-466. Though trial courts possess authority to correct errors in judgment entries so that the record speaks the truth, " 'nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide.' " *Id.* at ¶ 7, quoting *State v. Rowland*, 3rd Dist. No. 5-01-39, 2002-Ohio-1421, ¶ 10-11.

---

[3] The transcript contains the following finding: "THE  COURT: And just so the record is clear, Counts Two and Three do merge for sentencing purposes."  (Tr. Vol. III at 561.)

{¶ 19} There is no question in this case that appellant was physically present at the sentencing hearing in 2011. As noted above, the trial court issued the amended judgment entry to both comply with *Williams,* 148 Ohio St.3d 403, 2016-Ohio-7658, and to accurately reflect the trial court's prior determination at the sentencing hearing that the charge of murder as to Count 2 of the indictment and charge of murder as to Count 3 of the indictment merge for purposes of sentencing. The amended judgment entry did not change appellant's aggregate sentence but merely vacated one of appellant's murder convictions as the trial court was required to do on finding, at the sentencing hearing, that merger applied. Under these circumstances, we find no merit in appellant's contention that the trial court violated appellant's due process rights when it issued the amended judgment entry outside of his presence. *See Columbus v. Beasley*, 10th Dist. No. 17AP-629, 2019-Ohio-719, ¶ 72. *See also State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177 (authorizing trial court to issue nunc pro tunc entry incorporating R.C. 2941.19(C)(4) findings in support of the imposition of a consecutive sentence).[4]

{¶ 20} For the foregoing reasons, appellant's first and third assignments of error are overruled.

### B. Appellant's Second Assignment of Error

{¶ 21} In his second assignment of error, appellant contends that the trial court violated his constitutional rights when it issued the amended judgment entry because the record shows that the prosecutor did not elect which murder charge to pursue at sentencing. We disagree.

{¶ 22} In *Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, the trial court, in a bench trial, found Whitfield guilty of felony drug possession and felony drug trafficking, imposed a three-year prison term for each offense, but ordered Whitfield to serve the sentences concurrently. Whitfield appealed and the appellate court found reversible error in the court's failure to merge the two allied offenses. *Whitfield* at ¶ 2-3. The appellate court, however, reversed only the portion of the judgment related to the drug-possession charge, and instructed the trial court to vacate the drug-possession conviction on remand. *Id.* at ¶ 4. In the state's appeal from the judgment of the court of appeals, one of the questions for

---

[4] By contrast, de novo resentencing is required where the judgment entry imposes post-release control but the mandatory post-release notification is absent from the sentencing hearing. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085.

the Supreme Court was the proper procedure for an appellate court to follow on finding a violation of R.C. 2941.25 in the trial court's judgment entry of sentence.

{¶ 23} In reversing the court of appeals, the *Whitfield* court noted that the proper remedy for an allied-offenses sentencing error was for the appellate court to "reverse the judgment of conviction and remand for a new sentencing hearing at which the state must elect which allied offense it will pursue against the defendant." *Id.* at paragraph two of the syllabus. The *Whitfield* court explained that the state retains discretionary power to elect which offense it wants the trial court to sentence upon reversal for an allied-offenses sentencing error. *Id.* at ¶ 20-21. Though the language of R.C. 2941.25 does not expressly provide that the state must choose which of the allied offenses to pursue at sentencing, the *Whitfield* court stated that "[t]he General Assembly has made clear that it is the state that chooses which of the allied offenses to pursue at sentencing, and it may choose any of the allied offenses." *Id.* at ¶ 20, citing *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 16, 43, citing *Maumee v. Geiger*, 45 Ohio St.2d 238, 244 (1976); Legislative Service Commission Summary of Am.Sub.H.B. No. 511, The New Ohio Criminal Code (June 1973) 69.

{¶ 24} Here, the trial court's November 15, 2018 entry denying his motion states in relevant part: "The State did not elect a count for the Defendant to be sentenced and the Court imposed a sentence for Counts Two and Three. Now, the Court vacates the sentence as to Court Three and the Defendant is only being sentenced under Count Two." (Nov. 15, 2018 Entry at 2.)

{¶ 25} Appellee concedes that the prosecutor made no election at appellant's original sentencing hearing. Appellee maintains, however, that because R.C. 2929.02(B)(1) mandated a prison sentence of 15 years to life for each of the two murder charges for which appellant was found guilty, the absence of an election by the prosecutor as to which charge to pursue for sentencing was of no consequence to either party in this case. Moreover, in response to appellant's motion, appellee merely urged the trial court to issue a corrected judgment without expressing any preference as to which of the two murder charges appellee wished to pursue for sentencing. And, in this appeal, appellee has expressed agreement with the trial court's amended judgment entry vacating the conviction on Count 3 and convicting on Count 2.

{¶ 26} The *Williams,* 148 Ohio St.3d 403, 2016-Ohio-7658, court concluded that when a trial court determines that the jury has found the offender guilty of allied offenses of similar import, the trial court violates R.C. 2941.25 and the prohibition against double jeopardy by imposing multiple sentences. *Williams* holds that because such a sentence is contrary to law, the sentence is void. *Id.* at ¶ 28. Our reading of *Williams* convinces us the absence of an election by the state was not the reason the *Williams* court declared Williams' sentence void. Rather, it was the violation of R.C. 2941.25 and double jeopardy that resulted in a void sentence. Our reading of *Whitfield* also convinces us that the right to elect the charge to pursue for sentencing is a right belonging to the state of Ohio, not the offender. As previously noted, appellee has expressed agreement with the choice made by the trial court in this case.

{¶ 27} Because the absence of an election by appellee as to which of the two murder charges appellee wished to pursue for sentencing does not implicate any constitutional right belonging to appellant, appellant's second assignment of error is overruled.

## IV. CONCLUSION

{¶ 28} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____