[Cite as *State v. Martin*, 2020-Ohio-2700.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

ANTOINE R. MARTIN

    Appellant

C.A. No.    29614

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 97 04 0793(B)

DECISION AND JOURNAL ENTRY

Dated: April 29, 2020

HENSAL, Judge.

{¶1}    Antoine Martin appeals from the judgment of the Summit County Court of Common Pleas, denying his motion to vacate a void judgment. This Court affirms.

I.

{¶2}    This Court previously set forth the procedural background of this case as follows:

In 1997, a jury found Martin guilty of one count of murder, one count of involuntary manslaughter, and one count of felonious assault. The trial court sentenced him to 15 years to life for murder, 8 years for felonious assault, and 10 years for involuntary manslaughter. The trial court ordered that "the sentences for all three crimes be merged and served concurrently and not consecutively to each other."

Martin appealed and this Court affirmed his convictions. *State v. Martin*, 9th Dist. Summit No. 18715, 1999 WL 66211, *1 (Feb. 9, 1999). Thereafter, Martin moved for resentencing arguing that the trial court failed to impose post-release control, thereby rendering his sentence void. Following a hearing, the trial court merged Martin's convictions for felonious assault and involuntary manslaughter into the conviction for murder and sentenced Martin to fifteen years to life. *State v. Martin*, 9th Dist. Summit No. 25615, 2011-Ohio-5634, ¶ 3. The judgment entry did not mention post-release control. *Id.*

On appeal, this Court concluded that "the trial court exceeded its authority by merging the offenses for sentencing[ ] and [ ] failed to properly impose post[-]release control[.]" *Id.* at ¶ 9. Accordingly, we vacated the September 10, 2010 judgment entry and determined that Martin's original concurrent sentences remained valid. *Id.* We remanded the matter to the trial court for resentencing to properly impose post-release control. *Id.* Martin was resentenced and post-release control language was included in that entry. Martin appealed and this Court affirmed the judgment. *See State v. Martin*, 9th Dist. Summit No. 26325, 2012-Ohio-4919, ¶ 6.

Thereafter, Martin filed additional motions in the trial court. In January 2017, Martin filed a motion to vacate a void sentence pursuant to *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658. Martin argued that, because the trial court in its original sentencing entry had found that his offenses were subject to merger, the trial court's imposition of separate sentences on each of the counts rendered his sentences void. Additionally, Martin asserted that he was entitled to a resentencing hearing. In its memorandum in response, the State conceded the sentences were void and asked that the trial court sentence Martin on the murder count and that it vacate the sentences on the other two counts. The trial court issued an entry [on February 8, 2017,] wherein it vacated the sentences for felonious assault and involuntary manslaughter and sentenced Martin to 15 years to life for murder.

*State v. Martin*, 9th Dist. Summit No. 28563, 2017-Ohio-8851, ¶ 2-5 ("*Martin II*").

{¶3} Mr. Martin appealed the trial court's February 8, 2017, decision, raising two assignments of error for this Court's review. Relevant to this appeal, Mr. Martin argued in his first assignment of error that "the trial court erred in failing to hold a resentencing hearing and in allowing the State to make its sentencing election via a memorandum." *Id.* at ¶ 7. In rejecting Mr. Martin's argument, this Court cited the Ohio Supreme Court's decision in *State v. Williams* for the proposition that:

when a trial court concludes that an accused has in fact been found guilty of allied offenses of similar import, it cannot impose a separate sentence for each offense. Rather, the court has a mandatory duty to merge the allied offenses by imposing a single sentence, and the imposition of separate sentences for those offenses—even if imposed concurrently—is contrary to law because of the mandate of R.C. 2941.25(A). In the absence of a statutory remedy, those sentences are void.

*Id.* at ¶ 8, quoting *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 28. This Court then cited its prior decision in *State v. Robinson*, which applied *Williams* to a similar argument under similar facts, as follows:

> Here, the sentencing entry from 2003 states the trial court's finding that the two counts of aggravated murder and one count of murder (counts one, two, and three, respectively) of which Robinson was convicted are allied offenses of similar import, and the concurrent sentences the trial court imposed for those offenses are therefore contrary to law. *See* [*Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, at] ¶ 28, 32. However, in the State's memorandum in opposition to Robinson's "motion to vacate void sentence, and for resentencing," the State moved the trial court to vacate counts two and three. The State also elected to have Robinson remain sentenced on count one, which is its prerogative. The fact that the State made its election via memorandum as opposed to at a sentencing hearing is immaterial. This is because the State controls which allied offense a defendant will be sentenced on, and the trial court must accept the State's election. *See State v. Workman*, 8th Dist. Cuyahoga No. 93998, 2010-Ohio-4891, ¶ 23-27, quoting *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 17-24. Thus, a defendant has no input in the matter. The trial court heeded the State's request and election in this case, thereby vacating counts two and three and re-imposing Robinson's original sentence on count one. Therefore, because the State elected to have Robinson sentenced for aggravated murder as charged in count one, and the trial court vacated the sentences on the two counts that it had no discretion to impose in the first place, we conclude that a remand for resentencing is unwarranted in this matter.

(Alterations sic.) *Id.*, quoting *State v. Robinson*, 9th Dist. Summit No. 28488, 2017-Ohio-7380, ¶ 8.

{¶4} This Court determined that Mr. Martin's situation "mirror[ed] that in *Robinson*[,]" and concluded that he had "not demonstrated reversible error in the trial court failing to hold a resentencing hearing and in allowing the State to make the sentencing election in a memorandum." *Id.* at ¶ 9. We, therefore, overruled Mr. Martin's first assignment of error, and ultimately affirmed the decision of the trial court. *Id.* at ¶ 10, 14.

{¶5} Notwithstanding this Court's decision, Mr. Martin then filed a motion to vacate a void judgment pursuant to Criminal Rule 43. In it, he again challenged the trial court's February 8, 2017, decision, arguing that the Ohio Supreme Court's decision in *Williams* did not grant trial

courts the authority to correct a defendant's sentence without the defendant being present. Relatedly, he argued that *Williams* did not permit the State to elect which charge the defendant should be sentenced under via a memorandum, or otherwise outside of the defendant's presence.

{¶6} In response, the State argued that – in light of this Court's previous decision in *Martin II* – Mr. Martin's arguments were barred by res judicata and the law of the case doctrine. Mr. Martin challenged this argument in his reply brief, asserting that his argument under Criminal Rule 43 (requiring, in part, that "the defendant must be physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence * * *") was "totally different" than those presented in *Martin II*. The trial court denied Mr. Martin's motion. In doing so, the trial court relied upon this Court's prior decision in *Robinson* for the proposition that the State's election of which charge the defendant should be sentenced under via memorandum as opposed to at a sentencing hearing is immaterial since the trial court must accept the State's election. *See Robinson*, 9th 2017-Ohio-7380, at ¶ 8. The trial court, therefore, concluded that the manner in which Mr. Martin was resentenced pursuant to the February 8, 2017, decision was lawful, and did not result in a void sentence. Mr. Martin now appeals that decision, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

TRIAL COURT ERRED DENYING APPELLANT'S MOTION TO VACATE VOID JUDGMENT PURSUANT TO CRIM. R. 43.

{¶7} In his assignment of error, Mr. Martin argues that the trial court erred by denying his motion to vacate a void judgment pursuant to Criminal Rule 43. This Court disagrees.

{¶8} Criminal Rule 43(A)(1) provides, in part, that "the defendant must be physically present at every stage of the criminal proceeding and trial, including the * * * the imposition of

sentence * * *." "An accused's absence, however, does not necessarily result in prejudicial * * * error." *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, ¶ 90. To that end, "a defendant's absence in violation of Crim.R. 43(A) can constitute harmless error where he suffered no prejudice, even though such absence was improper." *State v. Morton*, 10th Dist. Franklin No. 10AP-562, 2011-Ohio-1488, ¶ 18, citing *State v. Williams*, 6 Ohio St.3d 281, 285-287 (1983).

{¶9} Here, Mr. Martin argues that the trial court's February 8, 2017, decision imposing a new sentence as a result of his original sentence being void under *Williams* violated his rights under Criminal Rule 43 because he was not present. He concedes that he is not requesting a reversal so that he can respond to the State's election, but simply because he had a right to be present during resentencing.

{¶10} Despite Mr. Martin's arguments, this Court has already concluded that the trial court did not err by not holding a resentencing hearing. *Martin II* at ¶ 9. It, therefore, follows that the trial court did not err by denying Mr. Martin's motion to vacate a void judgment, which was premised upon the trial court's failure to hold a resentencing hearing at which he could be present. Even if the trial court had erred by not holding a resentencing hearing, Mr. Martin has not established how any error in that regard caused him to suffer prejudice. *See Morton* at ¶ 18. Based upon this Court's precedent and the arguments presented, we cannot say that the trial court erred by denying Mr. Martin's motion to vacate a void judgment. Mr. Martin's assignment of error is overruled.

## III.

{¶11} Mr. Martin's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
CARR, J.
CONCUR.

APPEARANCES:

ANTOINE R. MARTIN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.