**[Cite as *State v. Cherry*, 2021-Ohio-1473.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No.    29732 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ELLIOTT J. CHERRY | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    CR-2001-05-1091 |

DECISION AND JOURNAL ENTRY

Dated: April 28, 2021

HENSAL, Presiding Judge.

{¶1}    Elliott Cherry appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms

I.

{¶2}    This is the third time this case has been before this Court.  In our most recent decision, this Court set forth the procedural background of this case as follows:

In 2001, a jury found Mr. Cherry guilty of one count of child endangering and one count of murder.  Although finding that the counts should merge, the trial court sentenced him to eight years on the child endangering count and fifteen years to life on the murder count.  It ordered the sentences to run concurrently.  Mr. Cherry appealed his convictions and sentence, but this Court upheld the trial court's judgment. *State v. Cherry*, 9th Dist. Summit No. 20771, 2002-Ohio-3738. [("*Cherry I*")]

In March 2019, Mr. Cherry moved to vacate his sentence, arguing that it is void because it imposed separate sentences for allied offenses.  The trial court denied Mr. Cherry's motion because it concluded that his argument was barred under the doctrine of res judicata.

*State v. Cherry*, 9th Dist. Summit No. 29369, 2019-Ohio-4445, ¶ 2-3 ("*Cherry II*"). Mr. Cherry appealed the trial court's denial of his motion to vacate his sentence in *Cherry II*. This Court analyzed Revised Code Section 2941.25 regarding allied offenses of similar import, as well as the Ohio Supreme Court's decision in *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, which interpreted that statute. We explained that,

> [i]n *Williams*, the trial court determined at the sentencing hearing that one count of murder and two counts of aggravated murder merged into one of the aggravated murder counts. In its sentencing entry, however, it imposed a sentence for each of the counts and ordered them to run concurrently. Although the court also wrote in its entry that the counts "merged into" one of the aggravated murder counts, the Ohio Supreme Court determined that there was error because the "imposition of concurrent sentences is not the equivalent of merging allied offenses." *Id.* at ¶ 7, 19, quoting *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, ¶ 17.

*Id.* at ¶ 6.

> **{¶3}** This Court then compared Mr. Cherry's case to *Williams*, stating that:

> [s]imilar to *Williams*, the trial court in this case found at the sentencing hearing that the endangering-children count merged with the murder count. It stated that, although it "[was] not sure that there is any need to impose the 8 year sentence [for the endangering-children count], * * * the Court will do that." In its sentencing entry, the court imposed both an eight-year sentence for the endangering children count and a sentence of 15 years to life for the murder count. It wrote that the "sentences are concurrent for the reason that they are merged[.]" As the Ohio Supreme Court explained in *Williams*, however, concurrent sentences and merged sentences are not equivalent. *Id.*

*Id.* at ¶ 7. We then addressed the conclusion in *Williams* that, "because the imposition of separate sentences for merged offenses 'is contrary to law' under Section 2941.25(A), 'those sentences are void[,]'" and may be reviewed at any time. *Cherry II* at ¶ 8, quoting *Williams* at ¶ 28. Following *Williams*, we concluded that Mr. Cherry's sentence for endangering children was void, and that the trial court erred by denying his motion to vacate the void sentence on the basis of res judicata. *Id.* at ¶ 9. We then reversed Mr. Cherry's judgment of conviction and remanded the matter for a

new sentencing hearing at which the State was required to elect which allied offense it would pursue against Mr. Cherry. *Id.*

{¶4} On remand, the trial court held a new sentencing hearing. Attorney Noah Munyer appeared on behalf of the defense; Mr. Cherry was not present. On appeal, Mr. Cherry asserts that Attorney Michael Partlow (who is his attorney on appeal) was his counsel of record at that time, yet neither he (Mr. Cherry) nor his counsel received notice of the hearing.

{¶5} At the resentencing hearing, the State addressed this Court's remand in *Cherry II*, and elected that Mr. Cherry be sentenced on the murder count (i.e., count 4 of the indictment). The State explained that the trial court had no discretion as to the sentence it could impose for that count, and that, under *State v. Robinson*, 9th Dist. Summit No. 28488, 2017-Ohio-7380, it could simply issue an order vacating the sentence for the child endangering count (i.e., count 3 of the indictment). Attorney Munyer agreed, noting that he did not think it was necessary for the trial court to hold a full resentencing hearing since Mr. Cherry's sentence was not going to change. The trial court then concluded that Mr. Cherry's sentence for child endangering was void, and that his 15-years-to-life sentence for murder would stand.

{¶6} Mr. Cherry now appeals, raising two assignments of error for this Court's review. We will address Mr. Cherry's assignments of error together.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY RESENTENCING APPELLANT IN THE ABSENCE OF APPELLANT'S PRESENCE OR ANY WAIVER BY APPELLANT OF SUCH.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY DEPRIVING APPELLANT OF HIS RIGHT TO BE REPRESENTED BY COUNSEL OF HIS CHOICE.

{¶7} In his first assignment of error, Mr. Cherry argues that the trial court erred by conducting a resentencing hearing without his presence. He argues that *Robinson* is distinguishable, and that the trial court was required to hold a full resentencing hearing, which he had a constitutional right to attend. He also argues that his presence was required so that he could exercise his right of allocution, and further argues that the trial court's decision was based upon the assumption that the State would choose the most serious crime for sentencing purposes, which – he argues – is not always accurate. In his second assignment of error, Mr. Cherry argues that he is entitled to an automatic reversal because the trial court committed structural error by allowing Attorney Munyer to appear on his behalf despite the fact that he had retained another attorney.

{¶8} We begin our analysis with a review of our holding in *Robinson*. In *Robinson*, the defendant moved to vacate his sentence, arguing that it was void under *Williams* because the trial court issued separate sentences for allied offenses. *Robinson*, 2017-Ohio-7380, at ¶ 4. In response, the State agreed that some of the defendant's sentences should be vacated, and elected which count it wanted the defendant to remain sentenced on. *Id.* Without first holding a hearing, the trial court issued an order that vacated some of the defendant's sentences, and resentenced the defendant consistent with the State's election. *Id.* In doing so, the trial court imposed the same sentence that it previously imposed for that count. *Id.*

{¶9} On appeal, the defendant argued that "the trial court was required to hold a new sentencing hearing, where he could be physically present and represented by counsel, and also afforded the opportunity to respond to the State's election on which allied offenses he should be

sentenced." *Id.* at ¶ 6. This Court disagreed, holding that, because the State elected which count it wanted the defendant to remain sentenced on, and because the trial court vacated the sentences for the counts it had no discretion to impose in the first place, a remand for resentencing was unwarranted. *Id.* at ¶ 8, citing *Williams*, 2016-Ohio-7658, at ¶ 32.

{¶10} Mr. Cherry argues that *Robinson* is distinguishable based upon procedural differences. He asserts that, in *Robinson,* the trial court simply vacated its own prior sentencing entry and issued a new sentencing entry after the State made a written election as to which offense it wanted the defendant to remain sentenced on. His case is distinguishable, he argues, because this Court previously reversed and remanded the matter for resentencing, and – unlike *Robinson* - the trial court held a hearing.

{¶11} In response, the State argues that this case falls squarely within *Williams* and *Robinson*, and that Mr. Cherry was not entitled to a de novo sentencing hearing. The State asserts that, as reflected in this Court's decision in *Cherry I*, the State and Mr. Cherry agreed at his original sentencing hearing in 2001 that there was one sentence the trial court could impose: 15 years to life on the murder count. *See Cherry I* at ¶ 64. While the State interjected at that hearing to inquire as to whether the trial court would impose a concurrent sentence for the child-endangering count, the State maintains on appeal that it was already on the record in 2001 as having elected to have Mr. Cherry sentenced on the murder count. *See id.* at ¶ 65. It, therefore, concludes that Mr. Cherry's contention that there was no guarantee that the State would elect to have him remain sentenced on the murder count is groundless.

{¶12} The State also argues that more recent Ohio Supreme Court case law indicates that erroneous sentences are voidable, not void, if the sentencing court had jurisdiction over the case and the defendant. The State asserts that the law now requires a defendant to challenge sentencing

errors on direct appeal, thereby eliminating resentencing altogether except in cases remanded after direct appeals. It concludes that Mr. Cherry was not entitled to a de novo resentencing hearing, and that it follows that he had no right to be present, and that his rights to counsel and counsel of choice did not attach.

{¶13} Having reviewed the arguments presented, as well as this Court's prior decisions in the case, we conclude that Mr. Cherry has not established error on appeal. "Under *Williams*, a remand for a resentencing hearing is not required in order to vacate an erroneous conviction where the trial court has determined at the original sentencing hearing that merger applies and the state has made an election of which charge to pursue for sentencing." *State v. Cruz-Altunar*, 10th Dist. Franklin No. 18AP-951, 2019-Ohio-2298, ¶ 15. Here, there is no dispute that the trial court determined at the original sentencing hearing that merger applied. *See Cherry I* at ¶ 64. On appeal, the State maintains that it elected the murder count at the original sentencing hearing, and that the trial court's most recent sentencing entry is consistent with its election. While the transcript from the original sentencing hearing does not clearly reflect an express election by the State, it does reflect that the State agreed with the trial court's determination that it could only impose one sentence: 15 years to life on the murder count. *Id.* Moreover, the State has indicated on appeal that the trial court's sentence is consistent with its election. *See Cruz-Altunar* at ¶ 24-27 (addressing a situation wherein the State did not make an election but, on appeal, expressed agreement with the trial court's sentence, and holding that the absence of an election did not implicate any constitutional right belonging to the defendant); *State v. Bragg*, 8th Dist. Cuyahoga No. 108671, 2020-Ohio-4059, ¶ 18-20 (addressing a situation wherein the transcript from the original sentencing hearing did not reflect the State's election but, on appeal, the State expressed agreement with the trial court's sentence).

{¶14}  While this Court is mindful of our remand instructions in *Cherry II*, the fact remains that Mr. Cherry was not entitled to a full resentencing hearing.  *Robinson* at ¶ 7-8; *Williams* at ¶ 30-32.  It, therefore, follows that the trial court did not deprive Mr. Cherry of his counsel of choice at a hearing that neither he, nor any counsel, had a right to attend.  Moreover, as the State suggests, recent Ohio Supreme Court case law now holds that a "sentence is only void 'when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused.'"  *State v. Payne*, 9th Dist. Summit No. 29714, 2020-Ohio-4804, ¶ 10, quoting *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 42.  Consequently, *Cherry II* is no longer good law in that, under more recent Ohio Supreme Court case law, Mr. Cherry's sentence was voidable (not void), rendering any challenge to that sentence in *Cherry II* barred by res judicata.  *See Cherry II* at ¶ 9; *Harper* at ¶ 42 (holding that – when a sentencing court has jurisdiction to act - the erroneous imposition of postrelease control renders a sentence voidable, not void, and providing that a voidable sentence must be challenged on direct appeal); *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 26-27 (clarifying that its holding in *Harper* extends to other sentencing errors other than the erroneous imposition of postrelease control).  In light of the foregoing, Mr. Cherry's assignments of error are overruled.

III.

{¶15}  Mr. Cherry's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

8

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

JENNIFER HENSAL
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MICHAEL A. PARTLOW, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.