[Cite as *State v. Smith*, 2019-Ohio-5326.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 19AP-341 |
| | | (C.P.C. No. 89CR-1002) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Myron Smith, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 24, 2019

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Seth L. Gilbert,* for appellee.

**On brief:** *Myron Smith,* pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1}  Defendant-appellant, Myron Smith, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion for resentencing.  For the following reasons, we affirm.

**I. Factual and Procedural Background**

{¶ 2}  By indictment filed March 7, 1989, plaintiff-appellee, State of Ohio, charged Smith with three counts of aggravated murder in violation of R.C. 2903.01, unclassified felonies (each with four death-penalty specifications); one count of aggravated robbery in violation of R.C. 2911.01, a felony of the second degree; and one count of kidnapping in violation of R.C. 2905.01, a felony of the first degree.  All five charges related to the death of Betty Calloway.  A jury found Smith guilty on all counts and three of the four death-penalty specifications attached to the aggravated murder counts (Counts 1, 2, and 3).  The jury recommended a sentence of 30 years to life in prison as to the aggravated murder

counts. At the sentencing hearing, the court indicated its finding that Counts 1, 2, and 3 must merge for the purpose of sentencing, and thus it was imposing only one sentence for that offense. The prosecution did not indicate a preference as to which of the aggravated murder counts it sought to pursue. On December 5, 1989, the trial court entered judgment. The court imposed a sentence of "LIFE imprisonment with no parole eligibility for a period of THIRTY (30) full years as to Counts I, II and III (merging Counts)." (Entry at 2.) The court also sentenced Smith to 10 to 25 years each on the aggravated robbery and kidnapping counts, with these prison sentences to be served consecutively to each other and to the aggravated murder sentence.

{¶ 3} Smith appealed, arguing that his conviction and sentence on the kidnapping count was in error because that offense was an allied offense of similar import to the aggravated robbery and aggravated murder charges. He also challenged a jury instruction regarding proof of his state of mind in causing death. This court rejected Smith's jury instruction challenge but agreed with his allied offense argument. Accordingly, this court affirmed in part and reversed in part and remanded the matter to the trial court with instructions to merge Smith's conviction for kidnapping with the other convictions, and to sentence him accordingly. *State v. Smith*, 10th Dist. No. 90AP-6, 1990 Ohio App. LEXIS 3818 (Aug. 28, 1990) ("*Smith I*"). In May 1996, the trial court entered a "modified judgment entry of conviction" vacating the conviction and sentence as to the kidnapping count and noting that the "rest of the sentence imposed in the previously entered judgment of conviction remains unchanged." (May 15, 1996 Entry at 1.) Smith did not appeal from the modified sentencing entry.

{¶ 4} In September 2012, Smith filed a "motion for sentencing," alleging the trial court's entry correcting his sentence should be vacated because he was not physically present when the trial court corrected his sentence. In November 2012, Smith filed an additional "motion for sentencing," contending that his sentence was void, must be vacated, and he was entitled to a new sentencing hearing. In January 2013, the trial court denied Smith's motions.

{¶ 5} Smith appealed from the denial of his "motion[s] for sentencing." In the appeal, Smith's assignments of error "essentially challenge[d] the validity of the trial court's 1996 sentencing entry." *State v. Smith*, 10th Dist. No. 13AP-129, 2013-Ohio-4674, ¶ 7

("*Smith II*").    This court determined that the doctrine of res judicata barred Smith's arguments and therefore affirmed the trial court's judgment.  *Id.* at ¶ 13.

{¶ 6}    In March 2019, Smith filed a "motion for resentencing to correct sentence" alleging the trial court erroneously imposed separate sentences on each of the three aggravated murder counts.  He asserted the trial court failed to properly merge these counts involving allied offenses of similar import.  In April 2019, the trial court denied Smith's March 2019 motion.

{¶ 7}    Smith timely appeals.

## II. Assignments of Error

{¶ 8}    Smith assigns the following errors for our review:

> [1.] The trial court erred when it sentenced Mr. Smith to all three counts of aggravated murder after finding them to be allied offenses and calling for them to be merged for sentencing purposes.

> [2.] The trial court erred when it issued one over-arching sentence for counts I, II, and III, thus issuing a sentencing – package in violation of State v. Saxon, 2006-Ohio-1245, 846 N.E. 2d 824.

## III. Discussion

{¶ 9}    Smith's first assignment of error alleges the trial court erred in sentencing him on all three counts of aggravated murder.  He therefore contends the trial court, in violation of R.C. 2941.25(A), convicted him of three allied offenses of similar import.  This assignment of error is not well-taken.

{¶ 10}  R.C. 2941.25(A) provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."  This statute "incorporates the constitutional protections against double jeopardy.  These protections generally forbid successive prosecutions and multiple punishments for the same offense." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 7.  Pursuant to this framework, "[a]n accused may be tried for both [allied offenses of similar import] but may be convicted and sentenced for only one.  The choice is given to the prosecution to pursue one offense or the other, and it is plainly the intent of the General Assembly that the election may be of either offense." *Maumee v. Geiger*, 45 Ohio St.2d 238,

244 (1976). A trial court "has a mandatory duty to merge the allied offenses by imposing a single sentence, and the imposition of separate sentences for those offenses—even if imposed concurrently—is contrary to law because of the mandate of R.C. 2941.25(A). In the absence of a statutory remedy, those sentences are void." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 28, citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶ 25. "Void sentences * * * are subject to correction at any time irrespective of the principles of res judicata or law of the case doctrine." *State v. Banks*, 10th Dist. No. 15AP-653, 2015-Ohio-5372, ¶ 14.

{¶ 11} Smith asserts that the prosecution, not the trial court, has the power to choose which offense will determine the sentence for allied offenses of similar import. He reasons that because the prosecution in this case did not elect which of the aggravated murder counts to pursue at sentencing, the trial court was without authority to merge those counts. Thus, he argues the aggravated murder counts were not properly merged and consequently he was convicted of all three counts in violation of R.C. 2941.25(A).

{¶ 12} We reject Smith's contention that the trial court imposed multiple sentences for his aggravated murder of Betty Calloway. At the sentencing hearing, the trial court stated its finding that the three aggravated murder counts must merge pursuant to applicable law, and that it therefore was imposing one "term of life imprisonment with no possibility of parole for thirty years." (Tr. at 220.) Consistent with this finding, the trial court's sentencing entry states Smith must serve "a period of LIFE imprisonment with no parole eligibility for a period of THIRTY (30) full years as to Counts I, II and III (merging Counts)." (Entry at 2.) Thus, the trial court only imposed a single sentence for the aggravated murder Counts 1, 2, and 3, as required pursuant to R.C. 2941.25(A). Additionally, contrary to Smith's suggestion, the trial court's authority to merge those three counts for the purpose of sentencing was not contingent on the prosecution electing which of the three merged counts to pursue. While it is the right of the prosecution—and not the offender—to choose which allied offense to pursue for the purpose of sentencing (and conviction), the mandatory duty to only impose one sentence for allied offenses of similar import remains with the court. *See State v. Cruz-Altunar*, 10th Dist. No. 18AP-951, 2019-Ohio-2298, ¶ 26 ("[T]he right to elect the charge to pursue for sentencing is a right belonging to the state of Ohio, not the offender.").

{¶ 13} Accordingly, we overrule Smith's first assignment of error.

{¶ 14} In his second assignment of error, Smith contends the trial court erroneously applied the "sentencing package doctrine." We disagree.

{¶ 15} The "sentencing package doctrine" is a federal doctrine that considers the sanctions imposed on multiple offenses as the components of a single, comprehensive sentencing plan. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 5. Pursuant to this doctrine, an error within the sentencing package as a whole, even if only on one of multiple offenses, may require modification or vacation of the entire sentencing package due to the interdependency of the sentences for each offense. *Id.* at ¶ 6, citing *United States v. Clements*, 86 F.3d 599, 600-01 (6th Cir.1996). But this doctrine does not apply in Ohio courts. In *Saxon*, the Supreme Court of Ohio expressly rejected application of the sentencing package doctrine to Ohio's sentencing laws. *See id.* at paragraph two of the syllabus ("The sentencing-package doctrine has no applicability to Ohio sentencing laws: the sentencing court may not employ the doctrine when sentencing a defendant and appellate courts may not utilize the doctrine when reviewing a sentence or sentences.").

{¶ 16} Smith generally argues the trial court employed the sentencing package doctrine in imposing the 30 years to life sentence. Although Smith does not more fully develop his sentencing package doctrine argument, he seems to reason that because the trial court allegedly did not properly merge the aggravated murder counts, the 30 year to life sentence constituted a bundled, multi-count sentence. This reasoning is flawed. As discussed above, the trial court found Counts 1, 2, and 3 to be allied offenses of similar import, and it only imposed a single sentence for Smith's aggravated murder of the victim. Because the trial court did not employ the sentencing package doctrine, we overrule Smith's second assignment of error.

## IV. Disposition

{¶ 17} Having overruled Smith's first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, J., concurs.
NELSON, J., concurs in part and dissents in part.

NELSON, J., concurring in part and dissenting in part.

{¶ 18} I agree with everything in the majority opinion except that I think that R.C. 2941.25(A) and the cited precedents of the Supreme Court of Ohio mean that the trial court needs to impose the sentence with regard to "only one" of the merged counts. Because I can't tell from the entry which one count it is for which the merged sentence is imposed (and, perhaps more importantly, which counts it is not), I respectfully dissent only to that extent; I otherwise concur. My approach here might seem to elevate form over substance, in that it would not necessitate modifying the actual prison time imposed, but I conclude that the law does require formalities in sentencing to achieve the clarity I suggest.

_____