[Cite as *State v. Bragg*, 2020-Ohio-4059.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108671 |
| v. | : | |
| JOHN BRAGG, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** JUDGMENT REVERSED AND SENTENCE MODIFIED
**RELEASED AND JOURNALIZED:** August 13, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-89-237718-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee*.

John Bragg, *pro se*.

ON RECONSIDERATION[1]

MICHELLE J. SHEEHAN, J.:

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. John Bragg appeals from the trial court's judgment denying his "Motion to Correct a Facially Illegal Sentence" regarding a sentence of life imprisonment with parole eligibility after 30 years that he received in 1989 in a murder case. Bragg was found guilty by the jury of two counts of aggravated murder. The trial court imposed concurrent prison terms instead of merging the two counts of murder for sentencing. Bragg argues his sentence was void pursuant to *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234.

{¶ 2} In *Williams*, the Supreme Court of Ohio held that where a trial court had determined that the defendant's multiples offenses were allied offenses, it cannot impose a separate sentence for each offense. Rather, the court had a mandatory duty to merge the allied offenses before imposing a single sentence. Furthermore, because the trial court's imposition of separate sentences for the multiple offenses — even if imposed concurrently — was contrary to law, the defendant's sentence was *void* and therefore would not be barred by res judicata. Applying *Williams*, we agree with Bragg that the trial court's judgment imposing concurrent prison terms on the two counts of aggravated murder was void and his

---

[1] The original decision in this appeal, *State v. Bragg*, 8th Dist. Cuyahoga No. 108671, 2020-Ohio-678, released on February 27, 2020, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

claim is not barred by res judicata. However, instead of remanding the case to the trial court for a resentencing hearing, we exercise the authority granted by Article IV, Section 3(B)(2) of the Ohio Constitution, and modify his sentence to reflect a merger of the two counts of murder and the imposition of a single term of life imprisonment with parole eligibility after 30 years.

Procedural Background

{¶ 3} In 1989, Bragg was indicted by the grand jury in a multiple-count indictment. He was indicted for aggravated murder (prior calculation and design) with a felony murder specification and a firearm specification (Count 1); aggravated murder (felony murder) with a felony murder specification and a firearm specification (Count 2); kidnapping with a firearm specification (Count 3); and aggravated robbery with a firearm specification in violation of R.C. 2911.01 (Count 4).

{¶ 4} A jury found Bragg guilty of all four counts and returned a recommendation of 30 years to life on each count of aggravated murder. In a sentencing entry dated October 18, 1989, the trial court sentenced him on Count 2 to life imprisonment with parole eligibility after 30 years. The court also sentenced him to 10 to 25 years on Count 3 (kidnapping) and 10 to 25 years on Count 4 (aggravated robbery), to be served consecutively to Count 2. The court's judgment, which was somewhat vague, stated:

> Defendant [shall] be imprisoned and confined in the Correctional Reception Center, Orient, Ohio for life imprisonment with parole eligibility after serving 30 years, *count 2*. The court than [sic] merges

their [sic] sentences along with the gun specification in all 4 counts into 1 sentence of life imprisonment with parole eligibility after 30 years with a mandatory 3 years on the gun specification, and on count 3 of kidnapping 10 years to 25 years; on count 4, aggravated robbery, 10 years to 25 years to be served consecutively *to counts 1 and 2* * * *.

(Emphasis added.) Read in its entirety, the sentencing entry appeared to have merged Count 1 and Count 2: there was no sentence on Count 1 and the last sentence in the above-quoted portion of the entry stated Count 3 (kidnapping) and Count 4 (aggravated burglary) were to be served consecutively *to Counts 1 and 2.*

{¶ 5} Bragg immediately filed a "Motion for Modification of Sentence." He asked the trial court to modify his sentence by "merging" all his offenses or, at a minimum, reducing the minimum terms of imprisonment.

{¶ 6} The trial court denied the motion and, for unknown reasons, issued a nunc pro tunc entry on December 7, 1989. The entry imposed life imprisonment with parole eligibility after 30 years on *each count* of aggravated murder and then merged the two sentences. The nunc pro tunc entry stated:

Defendant is sentenced to the Correctional Reception Center, Orient, Ohio, under all counts; life imprisonment with parole eligibility after thirty (30) years on each count one and two; the court merges sentence on count one and two along with the gun specification in all counts to one sentence of life imprisonment with parole eligibility after thirty (30) years, which is a full thirty (30) sentence. This sentence is to begin after the three (3) year actual mandatory [prison term] for the gun specification. Defendant is also sentenced to ten to twenty-five (10-25) years on count three, kidnapping, and sentenced to ten to twenty-five (10-25) years on count four, agg. Robbery. Counts three and four are to run consecutive to the merged first and second counts, but are to run concurrently with each other .[2]

_____

[2] We note that, while courts possess the authority to correct errors in a judgment entry so that the record speaks the truth, the errors subject to correction include only clerical error, mistake, or omission that is mechanical in nature and apparent on the

{¶ 7} In his direct appeal, Bragg raised multiple issues regarding his convictions of aggravated murder, kidnapping, and aggravated burglary. Regarding his sentence, he claimed his offenses of kidnapping and aggravated robbery were allied offenses of aggravated murder and the trial court should have merged all of them for sentencing. This court affirmed his conviction and sentence in *State v. Bragg*, 8th Dist. Cuyahoga No. 58859, 1991 Ohio App. LEXIS 3162 (June 27, 1991).

{¶ 8} In 1996, Bragg filed two motions for relief from judgment and two petitions to vacate judgment and sentence, all of which were denied by the trial court. He appealed the denial of his motions for relief from judgment, which this court affirmed, in *State v. Bragg*, 8th Dist. Cuyahoga No. 70461, 1996 Ohio App. LEXIS 3853 (Sept. 5, 1996). In 2001, he filed a delayed motion to reopen his original appeal, claiming his appellate counsel provided ineffective assistance of counsel for failing to argue that his trial counsel was ineffective in not arguing certain issues regarding his indictment. This court found his motion to be untimely and also found the application meritless in *State v. Bragg*, 8th Dist. Cuyahoga No. 58859, 2001 Ohio App. LEXIS 5315 (Nov. 26, 2001). In 2004, Bragg filed an application for DNA testing. The trial court denied it and he filed a Civ.R. 60(B)(5) motion for relief from that judgment. The trial court denied the motion and this court affirmed the trial

---

record and does not involve a legal decision or judgment; in other words, nunc pro tunc entries are used to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide. *State v. Trone*, 8th Dist. Cuyahoga Nos. 108952 and 108966, 2020-Ohio-384, ¶ 23. It is unclear from the record why the trial court issued the nunc pro tunc entry and what was the sentencing error the trial court attempted to correct.

court's judgment in *State v. Bragg*, 8th Dist. Cuyahoga No. 89237, 2008-Ohio-683. In 2009, Bragg filed a "Motion to Correct Void Judgment Entry," asking the trial court to correct its prior judgment denying his application for DNA testing. He subsequently moved the trial court to dismiss that motion and the court granted his request.

{¶ 9} The instant appeal concerns a "Motion to Correct a Facially Illegal Sentence" that Bragg filed on May 21, 2019. He claimed the trial court's December 7, 1989 nunc pro tunc entry was void because it imposed a prison term on each of the two aggravated murder counts before merging them. He also claimed the trial court's imposition of the gun specification was void. Before the state filed a brief in response, the trial court denied Bragg's motion. Bragg now appeals, presenting two assignments of error for our review:

I.    A trial court commits prejudicial error when a defendant is convicted on two aggravated murder counts involving a single killing [and the court] imposes separate sentences on each count and then merges their sentences.

II.   A trial court does not have jurisdiction to impose a sentence outside of statutory mandates and when it does, its sentence is contrary to law, and thus, void.

Law

{¶ 10} In *Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, the Supreme Court of Ohio addressed a conflict between this court's decision in *State v. Holmes*, 8th Dist. Cuyahoga No. 100388, 2014-Ohio-3816, and the Ninth District's decision in *State v. Williams*, 9th Dist. Summit No. 27482, 2015-Ohio-2632, on the

question of whether a trial court's sentence was void when the trial court imposed separate sentences on counts that it had determined to be subject to merger.

{¶ 11} In *Holmes*, the trial court had determined that the defendant's convictions for rape and kidnapping were allied offenses but nonetheless imposed separate sentences for each offense. Although the defendant had not raised the issue in his direct appeal, this court concluded his motion to vacate his sentences was *not* barred by res judicata, because the sentences for allied offenses were void. *Id.* at ¶ 2-3. This court reasoned that "[o]nce a trial court determines that two offenses are allied and are subject to merger, the trial court acts without authority when it imposes a sentence on both offenses. Thus, acting without authority renders the sentence void." *Id.* at ¶ 20. Consequently, this court reversed the defendant's sentence and remanded the case to the trial court, instructing the court to conduct a sentencing hearing to allow the state to make an election on which count was to survive merger and then impose a sentence on that count only. *Id.* at ¶ 25.

{¶ 12} The Ninth District took a different approach on this issue in *Williams,* 2015-Ohio-2632. The defendant was found guilty of several offenses and, although the trial court had found the offenses to be allied, it imposed concurrent sentences on individual counts instead of merging the counts for sentencing. Subsequent to his direct appeal, the defendant filed a motion to correct his sentence, asserting the concurrent sentences were contrary to law and therefore void. The Ninth District declined to apply *Holmes* and instead found the defendant's claim to be barred by

res judicata, noting that the void-sentence jurisprudence has not been applied in this context. *Id.* at ¶ 9.

{¶ 13} The Ninth District certified a conflict between its judgment and *Holmes*. The Supreme Court of Ohio agreed to resolve the conflict between the appellate districts on the following question: "Where a trial court sentences a defendant on counts that it had previously determined were subject to merger, is the sentence void or do principles of res judicata apply to preclude a defendant from challenging the sentence after direct appeal?" *Williams*, 2016-Ohio-7658, at ¶ 28

{¶ 14} The Supreme Court of Ohio first noted that "the imposition of concurrent sentences is not the equivalent of merging allied offenses of similar import." *Id.* at ¶ 3. It explained that, where a trial court had determined that the defendant's multiples offenses were allied offenses, it cannot impose a separate sentence for each offense. Rather, the trial court has a mandatory duty to merge the allied offenses by imposing a single sentence. *Id.* at ¶ 28. The trial court's imposition of separate sentences for those offenses — even if imposed concurrently — is contrary to law because of the mandate of R.C. 2941.25(A) (the allied offense statute). *Id.* Those sentences were void and therefore the defendant's claim would not be barred by res judicata.[3]

---

[3] We note that *Williams* was a split decision. There were two separate dissenting opinions, both of which would hold that the defendant's sentence was not void but only voidable, and therefore the defendant's claim was barred by res judicata. Despite the split, we are bound to follow the analysis set forth in the majority opinion until the court revisits the *Williams* decision or the void-sentence doctrine.

{¶ 15} As for the defendant's remedy, the Supreme Court of Ohio stated that, generally, "a resentencing hearing limited to correcting the void sentence is a proper remedy for a trial court's failure to comply with mandatory sentencing laws." *Id.* at ¶ 30, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. When a case involving an allied offenses sentencing error is remanded for resentencing, the state has the right to elect which offense to pursue at resentencing. *Id.,* citing *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182.

{¶ 16} However, the Supreme Court of Ohio emphasized that a resentencing is not required in all cases. It pointed out that Article IV, Section 2(B)(2)(f) of the Ohio Constitution grants the Supreme Court of Ohio appellate jurisdiction to "review and affirm, modify, or reverse the judgment in any case certified by any court of appeals," and similarly, Article IV, Section 3(B)(2) grants authority to the courts of appeals "to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." *Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, at ¶ 31. The Supreme Court of Ohio then observed that "'[c]orrecting a defect in a sentence without a remand is an option that has been used in Ohio and elsewhere for years in cases in which the original sentencing court, as here, had no sentencing discretion.'" *Id.*, quoting *Fischer* at ¶ 29. Such a remedy, as the court noted, "can provide an equitable, economical, and efficient remedy for a void sentence." *Id.*

{¶ 17} In *Williams*, the defendant was found guilty of three counts of murder (Counts 1-3) and the state elected to have him sentenced on Count 3. The trial court,

however, sentenced him to three concurrent prison terms. The Supreme Court of Ohio determined the defendant's sentence was void because the trial court purported to merge the sentences for allied offenses by ordering the sentences to be served concurrently. The court, however, decided that a resentencing hearing was unnecessary because the state had already elected to have the defendant sentenced on Count 3. Instead, the Supreme Court of Ohio modified "the judgment of the court of appeals to vacate the sentences imposed [on Count 1 and Count 2]" and kept intact the prison term imposed on Count 3. *Id.* at ¶ 33.

Analysis

{¶ 18} In the instant appeal, although the trial court appeared to have properly merged the two counts of aggravated murder and imposed a sentence of life imprisonment with parole eligibility after 30 years on Count 2 only in the original (October 18, 1989) sentencing entry, the court, for unknown reasons, issued a nunc pro tunc entry imposing a prison term each on Count 1 and Count 2 and then merging them. Pursuant to *Williams*, such a sentence was void. The state concedes the issue on appeal, but contends that a remand for a resentencing hearing in this case is not necessary pursuant to *Williams.* The state points out that the court's original sentencing entry imposed a prison sentence *on Count 2 only,* which reflected a merger of Count 1 into Count 2. The state indicates in its brief that "the state would elect for that outcome."

{¶ 19} Pursuant to *Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, it is necessary for the state to elect the count the defendant is to be sentenced

on before the trial court imposes a sentence on the merged count. Our reading of the original sentencing entry shows the trial court imposed a sentence on Count 2 only, which seemingly reflected a merger of the two aggravated murder counts prior to the court's imposition of a prison term on Count 2. Although the limited record before us does not show that there was an election by the state to proceed on Count 2 after the trial court merged the two counts, [4] the state on appeal does not challenge the merger of Count 1 into Count 2 and indicates it "would elect for that outcome."

{¶ 20} "[T]he right to elect the charge to pursue for sentencing is a right belonging to the state of Ohio, not the offender." *State v. Cruz-Altunar*, 10th Dist. Franklin No. 18AP-951, 2019-Ohio-2298, ¶ 26. *See also State v. Smith*, 10th Dist. Franklin No. 19AP-341, 2019-Ohio-5326, ¶ 12. We recognize that generally, the remedy to correct a void sentence is to remand the matter to the trial court for the purpose of allowing the state to elect on which offense it wishes to seek sentencing. *Williams,* 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, at ¶ 30. However, a resentencing hearing is not required in all cases and the court of appeals has the authority granted by the Ohio Constitution to modify a sentence. *Id.* at ¶ 31. Under the unique circumstances of this case, we conclude a remand for a sentencing hearing is unnecessary because the state has exercised its right to elect by indicating

---

[4] We note that Bragg does not provide a transcript of the sentencing hearing for our review of his claim. An appellant bears the burden of providing the reviewing court with a transcript of the proceedings to demonstrate any *claimed* errors. *State v. Blashaw*, 8th Dist. Cuyahoga No. 98719, 2012-Ohio-6011, ¶ 12. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has no choice but to presume the validity of the lower court's proceedings. *State v. Simmons*, 8th Dist. Cuyahoga No. 100638, 2014-Ohio-3038, ¶ 14.

that the original sentencing entry properly reflected its election for Bragg to be sentenced on Count 2. In the interest of providing an economical and efficient remedy, we therefore modify the trial court's sentence and vacate the life imprisonment with eligibility for parole after 30 years imposed on Count 1 in the nunc pro tunc entry. The life imprisonment imposed on Count 2 in the nunc pro tunc entry is not affected by our decision. *Williams* at ¶ 33. The first assignment of error is sustained in part.[5]

{¶ 21} Regarding the second assignment of error, Bragg claims the trial court erred by failing to impose a three-year term of actual incarceration to be served consecutively with, and prior to, his term of life imprisonment as required by former R.C. 2929.71(B), which was in effect at the time of his sentencing.[6] Claiming his

---

[5] In *State v. Reed*, 8th Dist. Cuyahoga No. 108498, 2019-Ohio-4471, defendant was found guilty of two aggravated murder counts (Counts 2 and 3) that were merged by the trial court. This court reversed the trial court's sentencing judgment where the trial court found Count 3 merged with Count 2 and sentenced the defendant on Count 3 while the sentencing transcript did not reflect the state's election on Count 2 for sentencing. *Reed* is distinguishable. In that case, a transcript was available for a review of appellant's claim. Furthermore, in the present case, the original journal entry, although replaced by a nunc pro tunc entry, reflects a merger of the two aggravated murder counts and, implicitly, the state's election of Count 2. In *Reed*, although the docket also reflected an earlier sentencing entry (which was subsequently vacated), the earlier entry stated the two aggravated murder counts merged without stating which of the two counts defendant was sentenced on, unlike the present case.

[6] Former R.C. 2929.71(B) provides:

    If an offender is convicted of, or pleads guilty to, two or more felonies and two or more specifications charging him with having a firearm on or about his person or under his control while committing the felonies, each of the three-year terms of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed pursuant to section 2907.02, 2907.12, 2929.02, or 2929.11 of the Revised Code, unless any of the felonies

firearm specification sentence was therefore void, he asks this court to reverse his firearm sentence and remand the case to the trial court for an imposition of a lawful sentence on the firearm specification.

{¶ 22} Our reading of the nunc pro tunc sentencing entry indicates that the trial court properly imposed a three-year term of imprisonment to be served consecutively with, and prior to, his term of life imprisonment. The nunc pro tunc sentencing entry stated that the life imprisonment with parole eligibility after 30 years "is to begin after the three (3) year actual mandatory for the gun specification." While the entry did not track the statutory language verbatim, the language employed by the trial court (the life imprisonment "is to begin after the three (3) year actual mandatory [prison term] for the gun specification") unambiguously reflects a three-year term for the gun specification to be served prior to and consecutively with the prison term for his murder offense. The second assignment of error is overruled.

{¶ 23} The trial court's judgment denying Bragg's motion to correct an illegal sentence is reversed, and the case is remanded with instructions for the trial court

---

were committed as part of the same act or transaction. If any of the felonies were committed as part of the same act or transaction, only one *three-year term of actual incarceration shall be imposed for those offenses, which three-year term shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed* pursuant to section 2907.02, 2907.12, 2929.11 of the Revised Code.

(Emphasis added.)

to issue a sentencing entry reflecting Bragg's sentence as modified in paragraph 20 of this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR